[L. A. No. 15637. In Bank.—June 29, 1936.]

FRANK C. McDONALD, etc., Respondent, v. VICTOR H. SEVERY et al., Defendants; ELECTROTONE CORPORATION OF AMERICA, LTD. (a Corporation), Appellant.

Avery M. Blount for Appellant.

David Licker and Leo L. Schaumer for Respondent.

THE COURT.— This action was brought by plaintiff as the assignee of ten claimants to recover wages alleged to be due from defendants. Defendant Electrotone Corporation was not served and did not appear. On May 9, 1934, an agreement was made between defendant Severy and C. S. Murphy and his associates (plaintiff's assignors), by the terms of which Severy agreed to confess judgment in the sum sued for, to pay $500 on or before May 20, 1934, and to assign certain property as security for his performance. In consideration of Severy's promise, the claimants agreed to dismiss the action against defendant Electrotone Corporation. Accordingly, such a dismissal with prejudice was filed May 15, 1934.

On August 23, 1934, plaintiff filed a motion to vacate the dismissal, showing by affidavit that Severy had failed to perform his agreement, and asserting that the dismissal had been obtained by fraud. The court granted the motion.

Defendant Electrotone Corporation, having had no notice of the motion, appeals from this order.

The court undoubtedly had discretionary power to vacate the dismissal upon the showing made, but the question is whether it could do so without notice to the corporation. It is argued that since the corporation had not appeared in the action, it was a stranger to it and not entitled to notice. However, a person joined as a defendant is a party by such joinder, and a dismissal with prejudice operates as a judgment in favor of the party dismissed. If, as the lower court found, the dismissal was obtained by fraud, it could be set aside, but there has been no authority cited to us which authorizes such action without notice to the party dismissed. The general rule is that notice of motion must be given whenever the order sought may affect the rights of an adverse party. (See 14 Cal. Jur. 1048, sec. 101; 18 Cal. Jur. 651, sec. 7; 18 Cor. Jur. 1210, sec. 149.) Moreover, section 473 of the Code of Civil Procedure, providing for vacating judgments, expressly requires notice to the adverse party.

It is true that section 1014 of the Code of Civil Procedure dispenses with the requirements of "service of notice of papers" where a defendant has not appeared. But a motion to set aside a dismissal with prejudice cannot be considered a "paper" within the meaning of that section.

The order appealed from is reversed.