[Civ. No. 16406. Second Dist., Div. One. Nov. 29, 1948.]

RUBY E. NEBLETT, Respondent, v. WILLIAM H. NEBLETT, Appellant.

William H. Neblett, in pro. per., and Grivi & Norris for Appellant.

Marion P. Betty and Edward Raiden for Respondent.

DORAN, J.—According to the appellant's brief, plaintiff and defendant were married November 24, 1930, and separated February 5, 1943. The parties have two minor daughters, aged about 14 and 11 years. The appellant husband served in the United States Army from June 21, 1941 to March 4, 1947. Respondent wife filed the present divorce action December 9, 1943, alleging extreme cruelty, and an interlocutory judgment was entered on August 22, 1947. There was, as stated in respondent's brief, "considerable legal skirmishing," including contempt proceedings against Colonel Neblett, and the filing of a cross-complaint charging the wife with cruelty, and unbecoming conduct with 17 named men.

On December 26, 1944, appellant and respondent entered into a written settlement agreement signed by the parties and the attorneys, by which Mrs. Neblett accepted the husband's offer reading as follows: "Upon the dismissal with prejudice of your Amended Complaint and the concurrent dismissal with prejudice of my Cross Complaint and the Amendment thereto, I will pay you $300.00 a month for the support of yourself and the two children until such time as a decree of divorce is entered between us in some court. . . . I will file an Appearance and Waiver in any divorce action . . . provided that you base your grounds for a divorce on facts that do not in my opinion tend to impugn my character as a husband or as a man." Other provisions dealt with alimony, joint custody of the children, a division of property, and attorney fees. Pursuant thereto, dismissals with prejudice of complaint and cross-complaint, signed by the respective parties and attorneys, were filed in the case. This completes what appellant's brief denominates the "First Stage of the Action." At this point it may be noted that, subsequent to the dismissal, the wife had filed a new action for divorce in Los Angeles County, and that the husband had likewise filed a similar action in Richmond, Virginia.

The so-called "second stage" begins with the filing by respondent wife, June 14, 1945, of a "Notice of motion for order setting aside plaintiff's dismissal . . . on the ground of fraud, etc., under Sec. 473, C.C.P." The grounds of such motion were specified as follows: "(1) That the defendant (husband) obtained the said dismissal . . . by and through his fraud . . . ; (2) . . . that defendant has failed and refused to keep his promises contained in his agreement and to abide by its terms, which agreement constituted the consideration for plaintiff's said dismissal with prejudice of the above entitled action. (3) . . . surprise, inadvertence, mistake and excusable neglect of plaintiff and her attorney under the provisions of Section 473 of the Code of Civil Procedure."

Respondent's affidavit filed in support of the motion alleged that Colonel Neblett, "at the time he entered into the said contract, had no intention of keeping his promises contained therein or of performing its terms;" and that the husband "has falsely and fraudulently refused to keep his said promises." As a part of the affidavit, certain correspondence between husband, wife, and the attorneys was set forth. These letters rehash, in some detail, the various domestic difficulties of the parties including custody of the children, payments to Mrs. Neblett's attorney and to Mrs. Neblett, etc.; and refer to other letters allegedly written to the Adjutant General. The general purport of the situation would seem to be summed up in a letter from Attorney Marion P. Betty, on behalf of the wife, notifying Colonel Neblett that "you cannot change the terms of the stipulation of December 18, 1944, by writing checks and placing notations on them which are inconsistent or contradictory to the terms of the written stipulation. . . . Unless the check due me March 1st is paid immediately we shall assume you have repudiated the stipulation, and we will then go ahead to obtain the dismissal of the old case."

Respondent's notice of the motion to vacate the dismissal was served by leaving a copy thereof with the secretary for Franklin B. MacCarthy, attorney for Colonel Neblett who was then stationed at Richmond, Virginia. The affidavit of service, however, recited that service was made "personally" on Attorney MacCarthy. An affidavit by MacCarthy stated that the notice was remailed to appellant Neblett. Thereafter, on July 17, 1945, appellant filed notice that MacCarthy had not been attorney for Neblett since December, 1944. It appears that appellant ordered MacCarthy not to appear at the hear-

ing of the motion which was granted on June 25, 1945. There were subsequent motions by Neblett to set aside the order of June 25, 1945, and to vacate the interlocutory judgment of divorce, which motions were denied.

According to appellant's brief, "The third stage . . . begins with an amendment, filed March 20, 1947, by respondent (wife)" to the complaint in the action which had been dismissed and subsequently revived by the order setting aside the dismissal. To this Colonel Neblett filed an answer and new cross-complaint, pleading among other defenses, the previous dismissal as res adjudicata. Mrs. Neblett likewise pleaded res adjudicata to the new cross-complaint. "In this condition," states appellant's brief, "the case went to trial over the objection of the appellant that the lower court was without jurisdiction to hear it. . . . The third stage of the case ended with the . . . interlocutory judgment of divorce August 21, 1947," awarding the wife $150 per month for support of the children, all of the community property, $1.00 per month permanent alimony, and $1,500 additional counsel fees.

A "Fourth Stage of the Action" was ushered in by the appellant's filing of a motion to vacate the interlocutory divorce "on the grounds that it is void on the face of the record." This motion was heard and denied on October 27, 1947, and the present appeal is from both the interlocutory judgment of divorce and the order denying the motion to vacate the interlocutory judgment.

Appellant contends that "The record shows on its face that the court had no jurisdiction to hear or decide the divorce case," because of the fact that "The court lost all jurisdiction of the action, of the marital status of the parties, and of the parties to the action when the parties dismissed the action with prejudice December 26, 1944." The dismissal, pursuant to agreement, was, argues appellant, "a final judgment in the case amounting to a denial of a divorce to both parties"; that by thereafter entering the interlocutory divorce, the trial court "deprived the appellant of due process of law." Appellant's brief also avers that "The findings of fact contradict the pleadings and record and do not support the interlocutory judgment," and that "There is no merit in the plaintiff and respondent's case."

That the trial court could, upon a proper showing, vacate the dismissals previously filed by the parties herein, cannot well be doubted. In the case of *Harth* v. *Ten Eyck*, 16 Cal.2d 829, 833 [108 P.2d 675], cited by both parties to

the present appeal, the court said: "With the motion then before it the court had the power to dispose of it and to set aside the order of dismissal. Indeed the dismissal of an entire action might thus be set aside." In the Harth case it was held not an abuse of discretion to vacate an order dismissing the action as to one of several parties upon a showing that the dismissal was entered pursuant to the party's agreement to testify for the plaintiff, and that notwithstanding such dismissal the party testified contrary to statements made to plaintiff. Cited therein is the earlier case of *McDonald* v. *Severy*, 6 Cal.2d 629 [59 P.2d 98] holding that where an action was dismissed with prejudice after an agreement under which the defendant agreed to confess judgment and to make a payment before a certain date, etc., the trial court "undoubtedly had discretionary power to vacate the dismissal upon the showing made" that the defendant had failed to perform the agreement and had obtained the dismissal by fraud. See, also, *Winn* v. *Torr*, 27 Cal.App.2d 623 [81 P.2d 457].

The order setting aside the dismissal was, therefore, a discretionary matter for the trial court to determine, and, under the usual rule, is not to be interfered with except for manifest abuse of discretion. No such abuse of discretion is here apparent. ▮ And, since the court possessed this discretionary power to vacate the dismissal, the subsequent reinstatement of the action and its culmination in the interlocutory judgment of divorce cannot be deemed to violate any principle of res adjudicata.

▮ Appellant further argues that "The lower court had no jurisdiction to hear the motion (to vacate dismissal), or to grant it by default, because no notice of the motion was given to appellant." The appellant here complains that the wife's attorney caused the notice to be served on Attorney MacCarthy, "With full knowledge that Mr. MacCarthy was not representing the appellant"; that in any event, the affidavit of service was false since the notice was not served on "Franklin B. MacCarthy, personally" as therein recited, but was actually left with the attorney's secretary. But at the time of the service, MacCarthy was still attorney of record for Colonel Neblett. Moreover MacCarthy's affidavit affirms that the notice was then sent to Neblett, and it appears that Neblett thereafter instructed MacCarthy not to appear at the hearing of the motion. Respondent's brief suggests that Colonel Neblett's action in this respect "was deliberate

and planned. The purpose was obviously to get plaintiff beyond the six months period allowed for motions under Section 473, Code of Civil Procedure; divest the California Court of any personal jurisdiction for alimony, support and counsel fees; and then force this plaintiff to defend in Virginia.'' However, regardless of the truth of this assertion, appellant's contentions present no reversible error, and no denial of due process is apparent.

The long and involved history of the Neblett litigation, with its many pleadings, motions, orders and judgments, renders it highly desirable that the matter should be set at rest. Involving as it does the marriage relation and the custody and support of minor children, the matter becomes one of public concern. The record discloses nothing to indicate that the public interest and the private interests of all parties were not duly considered by the trial court in its final disposition. It is elemental that this disposition should not lightly be set aside or interfered with by an appellate court. The various contentions of the appellant are found untenable; no reversible error is apparent, and no fundamental rights of the appellant husband, either in respect to procedural matters or otherwise, have been violated.

The judgment and order appealed from are affirmed.

York, P. J., and White, J., concurred.

A petition for a rehearing was denied December 21, 1948, and appellant's petition for a hearing by the Supreme Court was denied January 27, 1949. Edmonds, J., did not participate.