[No. D009842. Fourth Dist., Div. One. May 8, 1990.]

ROBERT G. BASINGER et al., Plaintiffs and Respondents, v. ROGERS & WELLS, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

---

[1] Pursuant to California Rules of Court, rules 976.1 and 976(b), this opinion is certified for publication with the exception of part III.

## COUNSEL

Dennis E. Kinnaird, Munger, Tolles & Olson, Jeffrey K. Riffer and Jeffer, Mangels, Butler & Mamaro for Defendant and Appellant.

Peter P. Gamer for Plaintiffs and Respondents.

## OPINION

**NARES, J.**—Rogers & Wells appeals from an order vacating voluntary dismissals and ordering entry of judgment nunc pro tunc to enforce a settlement agreement and award plaintiffs interest on tardy payment of settlement money. Rogers & Wells contends the order must be reversed because the court lacked jurisdiction once dismissals had been filed. Alternatively, on the merits Rogers & Wells contends it did not pay late because the condition precedent to its obligation to pay—Robert G. Basinger's general release—had not been furnished, and in any event the settlement agreement does not provide for interest.

We determine the court had jurisdiction to vacate the dismissals, but reverse because (1) respondents made an insufficient showing to justify vacating the dismissals; and (2) on the undisputed facts, Rogers & Wells did not owe respondents interest.[2]

### I

### FACTS AND PROCEDURE

Respondents are 70 plaintiffs (Respondents) who sued Rogers & Wells for damages arising out of the J. David Dominelli (J. David) ponzi scheme. Robert G. Basinger (Basinger) is one of the 70 plaintiffs.

Respondents and Rogers & Wells settled. Under the settlement agreement (Agreement), Rogers & Wells agreed to pay Respondents (collectively) approximately $2.5 million. In exchange, each plaintiff agreed to dismiss the action with prejudice and to execute a general release discharging Rogers & Wells from *"all rights,* claims . . . and causes of action of every nature, whether known or unknown, . . . which Releasor either had or now has or may claim to have by reason of any matter or thing whatsoever, *from the beginning of time through and including the date of this Release."* (Italics added.)

---

[2] It is unnecessary to resolve Rogers & Wells's assertion the court erred in interpreting the settlement agreement to provide interest for late payment.

The Agreement provides Rogers & Wells would send each plaintiff his respective money within 20 business days after the "conditions to payment" had been met. These conditions required each plaintiff to execute the general release quoted above and deliver to Rogers & Wells a dismissal with prejudice and a declaration attesting to their having disclosed all dealings with J. David. The Agreement provides, "No payment shall be made to any Settling Plaintiff . . . until all Settling Plaintiffs have delivered signed General Releases." The Agreement also provides, "No payment shall be made to any Settling Plaintiff . . . until all Settling Plaintiffs have delivered dismissals with prejudice . . . . The dismissals may be filed with the Court as soon as the checks . . . have been sent."

Thus, the Agreement contemplates each plaintiff sending his release and dismissal (among other documents) to Rogers & Wells. Within 20 business days after receiving all such documents, Rogers & Wells was required to send each plaintiff a check and was only then entitled to file the dismissals.

The parties agree that by April 8, 1988, all of the required documents *except Basinger's general release* had been delivered to Rogers & Wells. Basinger had filed chapter 7 bankruptcy in July 1987, and his bankruptcy trustee (Trustee) obtained bankruptcy court approval to enter into the proposed settlement with Rogers & Wells and execute the release. Despite Rogers & Wells's requests, Basinger himself refused to sign the general release, instead insisting his Trustee had the sole power to execute the release and any personal release would be void and unlawful.

Notwithstanding the dispute about Basinger's release, Rogers & Wells sent settlement checks to 68 of the 70 plaintiffs on June 29, 1988, and a check to another on July 15, 1988. (Twenty business days from April 8 is May 9.) Rogers & Wells refused to send Basinger his check, asserting only Basinger could release any claims arising *after* he filed his chapter 7 petition and without such a release it had no obligation to pay under the Agreement.

On June 30, 1988, Rogers & Wells filed all the dismissals except for Basinger's. On August 16, 1988, Rogers & Wells filed Basinger's dismissal. Both at the trial court and on appeal, Rogers & Wells admits its filing Basinger's dismissal was premature (because it had not paid him) and should be vacated.

On August 16, 1988, the Respondents filed a motion "for order entering judgment nunc pro tunc" under Code of Civil Procedure section 664.6.[3] Respondents sought to vacate their dismissals and "enforce" the Agreement

---

[3] Code of Civil Procedure section 664.6 provides: "If parties to pending litigation stipulate, in writing or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement."

by obtaining interest based on Rogers & Wells's alleged 50-day delay in sending their checks.[4] Respondents asserted only the Trustee could lawfully release Basinger's claims against Rogers & Wells, including those first accruing after Basinger commenced his bankruptcy, and in any event, even if the Trustee lacked such authority, the bankruptcy court approved the compromise and release, collaterally estopping the parties from denying the validity of the general release. Accordingly, Respondents asserted the Trustee's release satisfied the Agreement and triggered Rogers & Wells's obligation to pay on April 8. Supporting their motion, Respondents filed a declaration by William Smelko, a bankruptcy attorney, purporting to inform the trial court about bankruptcy law.

The court granted Respondents' motion, vacating the dismissals and determining the Trustee's release, approved by the bankruptcy court, estopped the parties from denying Basinger had released all claims against Rogers & Wells. Respondents assured the court this bankruptcy court order approving the release of claims arising even *after* Basinger filed for bankruptcy, even if incorrect, was not a jurisdictional error and was now final.[5] After vacating the dismissals, the court ordered entry of judgment nunc pro tunc to May 9, 1988, under the terms of the Agreement and awarded Respondents approximately $35,000 in interest.

## II

### DISCUSSION

#### A. Appealability

Rogers & Wells purports to appeal from the "Order For Entry of Judgment Nunc Pro Tunc." The clerk's transcript contains a copy of this order but not any ensuing judgment. California Rules of Court, rule 13, requires the opening brief to "contain either a statement that the appeal is from a judgment that finally disposes of all issues between the parties *or a statement explaining why the order . . . is appealable.*" (Italics added.) Although appealing from an order, Rogers & Wells has ignored rule 13, and Respondents raise no jurisdictional barrier to the appeal.

As discussed above, the "Order" contains separate orders, one of which vacates judgments of dismissal and one of which orders judgment be

---

[4] Basinger had not been paid and sought interest from May 9 until Rogers & Wells tendered his check.

[5] Respondents' attorney stated in oral argument to the trial court: "Your Honor, I'm convinced that this is not a matter of what we call jurisdiction, where someone might even, on appeal or thereafter, come back and challenge the original basis for the act . . . ."

entered nunc pro tunc. The order vacating the previously filed dismissals is appealable. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 108, p. 127.) ■ However, the order directing judgment be entered nunc pro tunc is not directly appealable. The appeal lies from the judgment itself. (*Id.* at § 90, pp. 111-112.) The record does not contain a judgment. However, because the only impediment to appealability is the parties' oversight in failing to ensure the court entered judgment pursuant to its order, we deem the Order For Entry of Judgment Nunc Pro Tunc to include an appealable judgment and treat the appeal as from the judgment. (See *Munoz* v. *Davis* (1983) 141 Cal.App.3d 420, 431 [190 Cal.Rptr. 400] [order sustaining demurrer]; *Avila* v. *Standard Oil Co.* (1985) 167 Cal.App.3d 441, 445 [213 Cal.Rptr. 314] [order granting summary judgment].)

### B. Jurisdiction to Vacate Voluntary Dismissal

To effectuate the settlement, Respondents executed voluntary dismissals and delivered them to Rogers & Wells. Rogers & Wells filed these dismissals before Respondents filed their motion to enforce the Agreement.[6] Asserting the trial court lacks subject matter jurisdiction once a voluntary dismissal is filed, Rogers & Wells contends the judgment should be reversed.

Numerous cases categorically state the trial court " 'is without jurisdiction to act further in the action' (citation)" once a voluntary dismissal is filed. (*Aetna Casualty & Surety Co.* v. *Humboldt Loaders, Inc.* (1988) 202 Cal.App.3d 921, 931 [249 Cal.Rptr. 175]; *Associated Convalescent Enterprises* v. *Carl Marks & Co., Inc.* (1973) 33 Cal.App.3d 116, 120 [108 Cal.Rptr. 782] ["Following entry of such dismissal, the trial court is without jurisdiction to act further in the action."]; *Egly* v. *Superior Court* (1970) 6 Cal.App.3d 476, 483 [86 Cal.Rptr. 18] [" 'It is a well-settled proposition of law that where a plaintiff has filed a voluntary dismissal of an action . . . the court is without jurisdiction to act further.' [Citations.]" (Citation omitted.)].) However, like most legal principles stated so unequivocally, this one is inaccurate unless qualified.

■ Even after a voluntary dismissal with prejudice has been filed, the trial court *has jurisdiction* to vacate the judgment of dismissal under Code of Civil Procedure[7] section 473 where it has been entered as a result of the plaintiff's "mistake, inadvertence, surprise, or excusable neglect."[8] (*Biggs* v.

---

[6] As discussed above, Rogers & Wells mistakenly filed Basinger's dismissal before paying him. Rogers & Wells concedes Basinger's dismissal should, therefore, be vacated. Accordingly, this jurisdictional issue only concerns the award of interest to the Respondents other than Basinger.

[7] All statutory references are to the Code of Civil Procedure unless otherwise specified. When referring to statutory subparts we omit repeating the word "subdivision."

[8] Section 473 provides: "The court may, upon such terms as may be just, relieve a party . . . from a judgment . . . taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect."

*Biggs* (1951) 103 Cal.App.2d 741 [230 P.2d 32].) For example, in *Palace Hardware Co.* v. *Smith* (1901) 134 Cal. 381 [66 P. 474], the plaintiff settled for $330 and gave defendant an executed dismissal with prejudice. After the dismissal was filed, the plaintiff realized he had forgotten about another $105 claim against this defendant. Plaintiff brought a motion *under section 473* to vacate the dismissal, asserting it was obtained " 'under a mistake and misconception of the amount due the plaintiff.' " (*Id.* at p. 383.) Opposing the motion, the defendant asserted " 'the entry of a judgment of dismissal on the order of the plaintiff is final, and the court loses jurisdiction, and cannot vacate the judgment.' " (*Id.* at p. 385.) The Supreme Court rejected this argument, stating, "If the plaintiff is entitled to relief under the statute [§ 473], it is not material whether, in its absence, he could have relief either at law or in equity." (*Ibid.*) *Neblett* v. *Neblett* (1948) 88 Cal.App.2d 859 [200 P.2d 4] similarly rejects the identical contention. There, a party brought a motion *under section 473* to vacate a previously filed voluntary dismissal. Rejecting the argument the trial court had no jurisdiction to hear the motion, the court states, "That the trial court could, upon a proper showing, vacate the dismissals previously filed by the parties herein, cannot well be doubted." (*Id.* at p. 862.)

Following *Palace Hardware Co.* and *Neblett,* on several occasions courts have heard section 473 motions brought to vacate a voluntary dismissal. Among those cases, *McDonald* v. *Severy* (1936) 6 Cal.2d 629 [59 P.2d 98] is illustrative. There, the plaintiff settled litigation and filed a voluntary dismissal with prejudice. Three months later, he brought a motion under section 473 to vacate the judgment asserting it was obtained by fraud. Like it had ruled 35 years earlier in *Palace Hardware Co.,* in *McDonald,* the Supreme Court again stated, "The court undoubtedly had discretionary power to vacate the dismissal upon the showing made." (*McDonald* v. *Severy, supra,* 6 Cal.2d at p. 631.)[9]

Given the foregoing, the "well-settled" rule a trial court lacks jurisdiction after a voluntary dismissal must be qualified. Even after entering a judgment of dismissal pursuant to a party's voluntary dismissal, the court has jurisdiction to vacate such judgment under section 473.[10] Indeed, where the

_____

[9] *Lori, Ltd.* v. *Wolfe* (1948) 85 Cal.App.2d 54 [192 P.2d 112], cited by Rogers & Wells for a contrary rule, is inapposite. There, plaintiff filed a voluntary dismissal and the *defendant* sought to have it vacated. Understandably, the court held the plaintiff "has the absolute right to dismiss as to certain defendants." (*Id.* at p. 61.)

[10] Respondents, agreeing with our conclusion the court had jurisdiction to vacate their dismissals, reach the result by a broader and incorrect route. Citing *Key System Transit Lines* v. *Superior Court* (1950) 36 Cal.2d 184 [222 P.2d 867], Respondents contend trial courts have "inherent power" to vacate dismissals to enforce settlement agreements. We reject this approach because *Key System Transit Lines* involved an *involuntary* dismissal entered by the court based upon the plaintiff's failure to timely prosecute its case, *not* a voluntary dismissal. (*Id.* at p. 185.) "A dismissal of an action by a plaintiff under section 581, subdivision 1

action is dismissed as to some but not all of the parties, the court retains subject matter jurisdiction over the action. (*Casa de Valley View Owner's Assn.* v. *Stevenson* (1985) 167 Cal.App.3d 1182, 1191-1192 [213 Cal.Rptr. 790].) Accordingly, because the superior court had power to determine the issues, we consider the merits of the parties' contentions.

### C. Trustee's Release

■ Preliminarily, we note Respondents did not bring a motion under section 473 for relief from their respective judgments of dismissal, but instead filed a motion to enforce a settlement agreement under section 664.6. Section 664.6, however, by its own terms, only grants the court authority to enter judgment "pursuant to the terms of the settlement." Section 664.6 says nothing about vacating judgments. As the cases cited above make clear, Respondents' remedy was to first seek relief from judgment under section 473, and if successful, then a motion under section 664.6.[11]

Even construing Respondent's motion as one brought under section 473, Respondents made no showing of "mistake, inadvertence, surprise, or excusable neglect," much less fraud. Respondents only contend Rogers & Wells breached the Agreement by paying late. This is not enough to vacate a judgment.

In the absence of grounds for relief under section 473, a settling defendant is entitled to rely on the finality of a filed voluntary dismissal. Contrary to Respondents' contention, there is nothing in section 664.6 which grants courts "inherent" authority to vacate judgments of dismissal on the bare allegation a settlement agreement has been breached. Respondents could have filed their motion under section 664.6 any time between May 9 and June 30—the alleged "tardy" period before their dismissals were filed. Having waited to bring their motion until after their actions were dismissed, Respondents must now contend with the policies favoring finality of judgments and termination of litigation. Section 473, not section 664.6, is the statute designed to balance these interests. Under section 473 Respondents bear the burden of demonstrating some excusable ground, such as fraud, justifying the court's vacating the dismissals. (See *McDonald* v. *Severy,*

[voluntary dismissal], . . . must be distinguished from dismissals entered by order of court pursuant to other provisions of the code." (*Associated Convalescent Enterprises* v. *Carl Marks & Co., Inc., supra,* 33 Cal.App.3d at p. 120.) Where the court enters an involuntary dismissal, *Key System* holds it has "inherent power" to vacate the dismissal if entered as the result of the *court's own* "inadvertence and mistake . . . in overlooking matters of record and facts within the court's judicial knowledge." (*Key System Transit Lines* v. *Superior Court, supra,* 36 Cal.2d at p. 188.) Section 473, not "inherent power," governs motions to vacate voluntary dismissals entered within six months of the motion.

[11] These motions may be combined in a single proceeding.

*supra*, 6 Cal.2d at p. 631 ["If, as the lower court found, the dismissal was obtained by fraud, it could be set aside."].) Because Respondents made no such showing, the court incorrectly vacated the dismissals.[12]

### III*

. . . . . . . . . . . . . . . . . . . . . . . . .

### IV

### DISPOSITION

The order is amended to include a judgment. The order vacating previously filed judgments of dismissal is reversed and the judgments of dismissal are reinstated. The judgment entered nunc pro tunc to May 9, 1988, is vacated.

Benke, Acting P. J., and Huffman, J., concurred.

---

[12] This does not mean Respondents are without a remedy—an action for breach of a settlement agreement. Contrary to Respondents' suggestion, requiring a separate action under such circumstances is justified. Under section 664.6 the court is trier of fact. Although section 664.6 serves important policies favoring settlement, its eliminating jury-determined fact disputes should not be lightly expanded when the underlying action has previously been dismissed with prejudice.

* See footnote, *ante,* page 16.