[No. C038678. Third Dist. Jan. 29, 2003.]

HAGAN ENGINEERING, INC., Plaintiff and Respondent, v.
DANIEL G. MILLS et al., Defendants and Appellants.

## COUNSEL

Boutin, Dentino, Gibson, Di Giusto, Hodell & West and Robert D. Swanson for Defendant and Appellant.

McCormick, Barstow, Sheppard, Wayte & Carruth and Kurt Frederic Vote for Plaintiff and Respondent.

## OPINION

**MORRISON, J.**—In this dispute about potato sizers, we must reverse because the trial court granted relief in a case which had been dismissed with prejudice pursuant to a settlement. Instead of moving to set aside the dismissal first, a party chose for economic reasons to move directly for enforcement of the settlement, although there was no case pending in which such a motion could be made. Now that party will have to try again to obtain a remedy for the purported settlement breaches. This case thus proves the adage: "Penny wise, pound foolish." (Bartlett, Familiar Quotations (16th ed. 1992) p. 234, col. 1 [attrib. to Robert Burton, *The Anatomy of Melancholy*].)

Hagan Engineering, Inc. (Hagan) sued former employees and their business (collectively, Mills) in San Joaquin County Superior Court for misappropriation of trade secrets and related claims; Mills sued Hagan in the United States District Court for the Eastern District of California, alleging ERISA violations. The parties then entered into a detailed written global settlement which called for dismissal of both lawsuits with prejudice. It also provided a mechanism by which Hagan could monitor Mills's business activities for compliance with the settlement.

"If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement." (Code Civ. Proc., § 664.6 (section 664.6).)

Paragraph 16 of the settlement provided that the settlement resolved all outstanding disputes "and may be enforced upon noticed motion submitted by any party hereto to the San Joaquin County Superior Court per [section] 664.6. Moreover, the parties hereto agree that the San Joaquin County Superior Court shall, notwithstanding entry of the Request for Dismissal required above, retain jurisdiction to enforce this Agreement pursuant to the provisions of [section] 664.6."

Paragraph 28 gave Hagan the right "[t]o request and, upon showing of material breach of this agreement through noticed motion, receive an injunction against [Mills], from the San Joaquin County Superior Court," and the settlement set out the terms of such injunction.

Hagan and Mills dismissed the state and federal cases with prejudice in June 1999.

Hagan believed Mills violated the settlement and on March 21, 2001, filed a motion in the San Joaquin Superior Court "to enforce settlement agreement pursuant to [§ 664.6]" and for other relief. Mills opposed the motion, asserting the trial court lacked subject matter jurisdiction.

Hagan filed a motion to set aside the dismissal, but dropped it under the belief that it was "not required to pursue enforcement of the Settlement Agreement. It was further thought that by proceeding directly to the Motion to Enforce, the parties could save the fees and costs connected with further hearings" on the motion to set aside the dismissal.

On April 27, 2001, the trial court granted the injunction and other relief in an "Order Granting Plaintiff's Motion to Enforce Settlement Agreement." In connection with a motion for new trial, treated as a motion for reconsideration, the trial court conducted an evidentiary hearing, but ultimately reaffirmed its original order. Mills timely filed a notice of appeal from the original order. In connection with a petition for a writ of supersedeas, we stayed enforcement of that order.

The appeal from the order granting the injunction lies. (Code Civ. Proc., § 904.1, subd. (a)(6).) The trial court granted other relief within the document granting the injunction, the appealability of which Mills fails to explain. (See *In re Eli F.* (1989) 212 Cal.App.3d 228, 235–236 [260 Cal.Rptr. 453] [not all contemporaneous parts of an appealable order are necessarily appealable]; accord, *Basinger v. Rogers & Wells* (1990) 220 Cal.App.3d 16, 20–21 [269 Cal.Rptr. 332] (*Basinger*).) However, we conclude all components of the trial court's order are appealable. (See *Viejo Bancorp, Inc. v. Wood* (1989) 217 Cal.App.3d 200, 205 [265 Cal.Rptr. 620] ["it is clear the trial court intended to effect a final judgment in the old action. Since the intended substance and effect of the judgment is to finally dispose of the old action, the judgment is appealable under Code of Civil Procedure section 904.1, subdivision (a)"] (*Viejo Bancorp*); cf. *Doran v. Magan* (1999) 76 Cal.App.4th 1287, 1293–1294 [91 Cal.Rptr.2d 60] [*denial* of § 664.6 motion not appealable].)

■ The dismissal with prejudice of the lawsuit deprived the superior court of subject matter jurisdiction. Absent a pending lawsuit, a court cannot issue judgments or orders. A superior court has subject matter jurisdiction over most original "causes." (Cal. Const., art. VI, § 10.) A cause commences with the filing of an action or special proceeding. (Code Civ. Proc., §§ 20–30.) A dismissal terminates an action. (See *id.*, § 581.) A superior court thereafter has no subject matter jurisdiction to grant relief other than costs

and fees as appropriate. (*Harris v. Billings* (1993) 16 Cal.App.4th 1396, 1405 [20 Cal.Rptr.2d 718] (*Harris*); *Egly v. Superior Court* (1970) 6 Cal.App.3d 476, 483 [86 Cal.Rptr. 18].) A court may also entertain a motion to vacate on grounds of mistake, excusable neglect and so forth (Code Civ. Proc., § 473). (*Basinger, supra,* 220 Cal.App.3d at pp. 21–22; see *H. D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1364–1366 [118 Cal.Rptr.2d 71] [rejecting *Basinger*'s conclusion that an order vacating a voluntary dismissal is appealable].)

 The settlement language purporting to vest the trial court with retained jurisdiction after the dismissal was a nullity: Subject matter jurisdiction cannot be conferred by consent, waiver or estoppel. (*Housing Group v. United Nat. Ins. Co.* (2001) 90 Cal.App.4th 1106, 1113 [109 Cal.Rptr.2d 497] [parties sought enforcement in court where no action filed] (*Housing Group*); 2 Witkin, Summary of Cal. Law (4th ed. 1996) Jurisdiction, § 12, pp. 556–558.)

In *Viejo Bancorp, supra,* 217 Cal.App.3d 200, as in this case, the parties to a pending lawsuit reached a settlement, pursuant to which the case was dismissed with prejudice. Later one party filed a new action alleging breach of the settlement, and moved for enforcement under section 664.6. The trial court deemed this motion to have been made under the "old action" and granted the motion for an injunction and other relief. (*Viejo Bancorp, supra,* at p. 204.) The appellate court reversed: "On execution of the settlement agreement, the old action was voluntarily dismissed by the parties. An action which is voluntarily dismissed in its entirety is no longer pending. [Citation.] Even though the trial court was persuaded [a party] had breached the agreement, the court's resolution of this factual issue did not permit it to enter judgment in the old action. In short, in the absence of a motion under Code of Civil Procedure section 473 to vacate the dismissal, the court was without subject matter jurisdiction of the old action. [Citations.] [¶] Bank relies on the theory . . . that [section] 664.6 only requires an action to be pending when the parties enter into the agreement. . . . We disagree. This is an issue of subject matter jurisdiction. And whether an action is pending and the court has concurrent jurisdiction to act is an issue which must be determined at the time the court seeks to act. Because the old action was no longer pending at the time the court sought to enter the judgment reviewed here, the court was without subject matter jurisdiction." (*Viejo Bancorp, supra,* 217 Cal.App.3d at p. 206.)

Thus, although section 664.6 provides a valuable tool in aid of enforcing settlements, it does not float in the ether to be drawn upon whenever a party seeks enforcement. (See *Kirby v. Southern California Edison Co.* (2000) 78 Cal.App.4th 840 [93 Cal.Rptr.2d 223] [parties arguably settled, plaintiff sued,

defendant sought enforcement; held, § 664.6 not available because no action pending at time of settlement].)

As one court pointed out: "[N]o one forced Bank to agree to a settlement which provided for dismissal of the old action. As the parties certainly recognized, not all settlements contemplate a dismissal of the underlying action. Bank could have protected itself from Wood's alleged infidelity by refusing to agree to that provision. It did not. No matter how toothless the agreement may seem in retrospect, it is not the province of the trial court to rewrite it and put in the teeth the complaining side now thinks it should have had. [Citation.] Bank's remedy, if any, was to move to vacate the dismissal." (*Viejo Bancorp*, *supra*, 217 Cal.App.3d at p. 207.)

In *Basinger*, *supra*, 220 Cal.App.3d 16, plaintiffs gave the defendant dismissals with prejudice, whereupon the defendant was supposed to send them settlement checks within a certain time and then file the dismissals. (*Id.* at p. 19.) Plaintiffs moved to vacate their dismissals and "enforce" the settlement, which had included provisions for delay of payment. The trial court vacated the dismissals and awarded relief as provided by the agreement. (*Id.* at pp. 19–20.) *Basinger* reversed: "[Plaintiffs] only contend [defendant] breached the Agreement by paying late. This is not enough to vacate a judgment. [¶] In the absence of grounds for relief under [Code of Civil Procedure] section 473, a settling defendant is entitled to rely on the finality of a filed voluntary dismissal. Contrary to [Plaintiffs'] contention, there is nothing in section 664.6 which grants courts 'inherent' authority to vacate judgments of dismissal on the bare allegation a settlement agreement has been breached. [Plaintiffs] could have filed their motion under section 664.6 . . . before their dismissals were filed. Having waited to bring their motion until after their actions were dismissed, [Plaintiffs] must now contend with the policies favoring finality of judgments and termination of litigation. Section 473, not section 664.6, is the statute designed to balance these interests." (*Id.* at p. 23.)

Hagan could have bargained for a settlement which called for a conditional dismissal under California Rules of Court, rule 225(c). Indeed, the leading civil procedure treatise so advises: "If you represent the plaintiff, defendant will probably ask you to provide a signed, voluntary dismissal as part of any settlement . . . . [¶] Be careful where the settlement proceeds are to be paid over a period of time. Consider using a 'conditional dismissal[.]' " (3 Weil & Brown, Civil Procedure Before Trial (The Rutter Group 2002) Dismissals, § 11:35g, pp. 11:15 to 11:16; see *id.*, Settlement Procedures, §§ 12:754.1-2, p. 12(II)-38 [conditional dismissals]; *id.*, § 12.982, p. 12(II)-91 ["The court loses *subject matter jurisdiction* when an action is voluntarily dismissed. Thereafter, it has no power to enforce a settlement"].)

Hagan suggests that *Viejo Bancorp, supra,* 217 Cal.App.3d 200, and *Basinger, supra,* 220 Cal.App.3d 16, have been abrogated by a statutory amendment to section 664.6. In 1993 the Legislature added the last sentence, which provides: "If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement." (Stats. 1993, ch. 768, § 1, p. 4260.) This sentence does not undermine the reasoning of the prior cases. In this case Hagan did not make a request for the court to "retain jurisdiction," but instead, as required by the settlement, dismissed the action with prejudice. A court does not retain jurisdiction over a case which has been dismissed. So far as the superior court was concerned, it was as if no action had ever been filed, at least, unless and until Hagan sought and obtained relief from the dismissal and reinstatement of the lawsuit. Hagan might have bargained for a settlement which would have allowed the court to retain jurisdiction pursuant to Hagan's predismissal request, as provided by the 1993 amendment to section 664.6. But Hagan did not.

Hagan's claim that section 664.6, particularly as amended in 1993, gives the court some eternal control over cases which have been voluntarily dismissed with prejudice lacks support. "[W]e have found no basis in the history or policy of section 664.6 to allow parties who have no case pending in a court to obtain a judgment from that court." (*Housing Group, supra,* 90 Cal.App.4th at p. 1113.) Similarly, Hagan's claim that the policies underlying the Trial Court Delay Reduction Act changed the rule regarding dismissals is incorrect. "The right of a plaintiff to exercise the statutory right to voluntarily dismiss an action is consistent with this mission. The delay reduction program is concerned with the management and progress of cases currently in the court system, not with disputes which the parties wish to remove from the system. Dismissal of an action constitutes a 'final disposition of the action' without delay. It removes that action from the court's inventory, allowing later-filed cases to move ahead in line." (*Harris, supra,* 16 Cal.App.4th at p. 1404.)

The morning of oral argument, Hagan's counsel provided this court with a new citation upon which she placed heavy reliance. That case, *Wackeen v. Malis* (2002) 97 Cal.App.4th 429 [118 Cal.Rptr.2d 502], decided seven months before oral argument, confirms our analysis. It holds that a party must apprise the court, within the settlement agreement or otherwise, of the desire of the parties that the court retain jurisdiction of the case, notwithstanding the dismissal. (*Id.* at pp. 433, 439, 440.) As counsel conceded at oral argument, *the trial court* in this case was never presented with a request to retain jurisdiction. *Wackeen* does not stand for the proposition that parties may confer jurisdiction on trial courts by including language in a settlement agreement but not *asking the court* to retain jurisdiction. The post-1993 amendment states, "*If requested by the parties*" (§ 664.6), the court may retain

jurisdiction, and such request must be made *to the court. "If properly requested by the parties* . . . the court entertaining a § 664.6 motion may *retain jurisdiction* over the parties . . . . In such circumstances, jurisdiction continues notwithstanding dismissal of the action." (1 Flahavan, Cal. Pract. Guide (The Rutter Group 2002) Concluding and Enforcing Settlement, § 4:534.1, p. 4-235 [citing, inter alia, *Wackeen*], first italics supplied, second in original.) Because the court was not presented with any request to retain jurisdiction, jurisdiction was not retained.

Although Hagan cannot use the simple enforcement mechanism provided by section 664.6 and therefore most likely will file a new action for breach of the settlement agreement, this is necessary because and only because Hagan failed to anticipate what would happen in the event of breach (e.g., by having a conditional judgment entered, having the trial court retain jurisdiction before the dismissal, or providing some other enforcement mechanism).

Because we reverse on jurisdictional grounds, we do not address the other issues raised by Mills, nor express any view about the merits of Hagan's claim that Mills has violated the settlement.

## DISPOSITION

The judgment (order granting motion for injunction and other relief) is reversed and the cause is remanded to the superior court with directions to deny Hagan's motion for lack of subject matter jurisdiction. Upon finality of this decision, the stay order previously issued by this court is vacated. Hagan shall pay Mills the costs of this appeal. (Cal. Rules of Court, rule 26(a).)

Davis, Acting P. J., and Callahan, J., concurred.