Filed 2/7/23 Haghnazarzadeh v. Suntree Townhomes Owners' Assn. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| DAVID HAGHNAZARZADEH,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SUNTREE TOWNHOMES<br>OWNERS' ASSOCIATION, INC.,<br><br>Defendant and Appellant. | B313046<br><br>(Los Angeles County<br>Super. Ct. No. LC105752) |

APPEAL from an order of the Superior Court of Los Angeles County. Huey P. Cotton, Jr., Judge. Affirmed.

McGarrigle, Kenney & Zampiello and Patrick C. McGarrigle for Defendant and Appellant.

RJZ Law Group, Ryan E. Jackman, Jacob Haghnazadeh; Benedon & Serlin and Melinda W. Ebelhar for Plaintiff and Respondent.

_____

Plaintiff and respondent David Haghnazarzadeh filed an action against defendant and appellant Suntree Townhomes Owners' Association, Inc. (Suntree) for claims related to an easement. After the litigation was underway, the parties engaged in voluntary mediation, the result of which was a settlement confirming the existence of an easement across Suntree's property that benefitted plaintiff's property. Following settlement, the trial court dismissed the lawsuit.

Eighteen months after mediation, Suntree moved to vacate the dismissal pursuant to Code of Civil Procedure section 473, subdivision (d),[1] arguing that the order was void because Suntree's director, Ciro Barilla (Barilla),[2] who had attended the mediation and signed the settlement agreement on behalf of Suntree, was not permitted to do so. Suntree also argued that each of the more than 100 individual homeowners within the association was an indispensable party to the litigation and that without their consent, the settlement was ineffective.

The trial court denied Suntree's motion, and Suntree appeals.

We affirm.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] Barilla's name is spelled differently throughout the appellate record, sometimes as "Barilla" and other times as "Barillas," even in his own declarations.

2

# FACTUAL AND PROCEDURAL BACKGROUND

*Plaintiff's complaint*

According to the complaint,[3] Suntree is an incorporated homeowners' association. It holds title to the common areas of the subject condominium subdivision. Plaintiff, the owner of real property adjacent to Suntree's property, alleges that he is the owner of an easement for ingress and easement that runs along the border of the common areas of the condominium subdivision. According to the complaint, Suntree "erected a demising wall" along the border of the condominium subdivision's common areas, and "[s]aid demising wall prevents and interferes with Plaintiff's use of the Easement."

*Suntree's cross-complaint*

In response, Suntree filed a cross-complaint. In the operative verified second amended cross-complaint (SACC), it alleges that it is the "authorized representative of its members" pursuant to section 382, Civil Code section 5980, and the Declaration of Covenants, Conditions and Restrictions (CC&Rs). It also alleges that it is the owner of the real property that is the subject of the complaint. And, it alleges that it is "specifically authorized and obligated to maintain and to repair damage" to the common areas of the condominium development.

None of the individual homeowners is named in any of the cross-complaints.

---

[3] At the time plaintiff filed his complaint, he also recorded a lis pendens. The lis pendens indicates that the lawsuit affects "a condominium subdivision with 96 separate parcels." It then identifies each condominium unit.

*Proposed Doe amendments to the complaint*

Two years after the commencement of this litigation, plaintiff filed Doe amendments to the complaint, naming each of the individual owners of condominiums in the development. The Doe amendments were not served.

*Mediation and settlement*

In July 2019, the parties agreed to voluntary mediation. To ensure that Suntree would send a representative with authority to negotiate and consummate a settlement, on July 1, 2019, plaintiff's counsel notified Suntree's counsel, Mr. Eurus Cady, that an authorized member of Suntree must be present at the mediation. Specifically, plaintiff's counsel wrote: "[W]hile my client is willing to participate in mediation, he does not believe that it will be possible to have a meaningful mediation unless a representative of . . . Suntree . . . is present, and *vested with the authority to approve a compromise at the time of mediation. . . .* Accordingly, please confirm that a principal of . . . Suntree . . . will attend the mediation and will be vested with full authority to enter into a settlement."

On July 9, 2019, plaintiff's counsel and Mr. Cady had a telephone conversation regarding an agreement to mediate. "During that conversation, Mr. Cady stated that [plaintiff's] condition that an authorized member of Suntree be present at the mediation was agreed upon by Suntree, and that Suntree's then 'personal counsel' (Mr. Cady was insurance defense counsel), Jeffrey Domine, would be sending an email with written confirmation." "Later that evening, [plaintiff's counsel] sent Mr. Cady an email outlining a proposal [for other terms of mediation], including that the doe defendants would not be served prior to mediation." Mr. Cady confirmed his agreement.

4

On July 10, 2019, Mr. Domine sent plaintiff's counsel an e-mail stating that Suntree would "have at least one Board member at the Mediation with full authority to resolve this matter."

Mediation occurred on September 27, 2019.  On behalf of Suntree, Barilla attended the mediation.  The parties reached a settlement, which was reduced to a written stipulation for settlement and signed by Barilla and Mr. Cady on behalf of Suntree.  The stipulation provides that the parties "intend to prepare a more formal agreement of settlement," and the addendum to the settlement agreement adds that "[i]n the event of any dispute with regard to the long form settlement agreement such dispute will be resolved by binding arbitration."  It also provides that the settlement agreement is "fully and formally binding and enforceable" and that it "has been executed without reliance on any promise, representation or warranty not contained herein."  There is no provision requiring the individual homeowners' separate approval.

*Dismissal*

On January 13, 2020, plaintiff filed and served a notice of settlement of the entire case and request for court to retain jurisdiction.  Attached to the notice is a copy of the parties' stipulation for settlement and mutual release of claims.

On January 17, 2020, in accordance with the settlement's terms, the trial court dismissed the action.[4]

---

[4]     On January 17, 2020, the trial court only dismissed the complaint.  On June 8, 2020, the trial court dismissed both the complaint and second amended cross-complaint.  On June 9, 2020, the trial court issued an order nunc pro tunc, correcting its January 17, 2020, minute order to include dismissal of the second

*Suntree's attempt to renegotiate the settlement*

In the months following mediation, Suntree and plaintiff attempted to complete the long-form settlement agreement. However, during this process, Suntree retained new counsel who wanted to negotiate a new deal with plaintiff. The parties participated in a second mediation in September 2020, but reached no further agreements.

*Motion to vacate the dismissal*

On March 11, 2021, Suntree filed a motion to vacate the dismissal pursuant to section 473, subdivision (d). Suntree argued that the dismissal was void because the settlement itself was unauthorized. Specifically, it claimed that the 129 individual homeowners in the homeowners' association were "'[i]ndispensable [p]arties,'" without whom the settlement was not effective. In so contending, Suntree noted that plaintiff had filed "Doe" amendments to name each homeowner as an individual homeowner.

Suntree further argued that Barilla was not authorized to bind either the association or its individual homeowners. Rather, only Suntree's "full Board and the Indispensable Parties had the authority" to settle the matter.

Finally, Suntree asserted that its president, Robert B. Sarvian (Sarvian), had advised plaintiff that any agreement reached at mediation was subject to the approval of Suntree's board and the homeowners themselves.

---

amended cross-complaint so that the entire action is deemed dismissed as of January 17, 2020.

*Plaintiff's opposition*

Plaintiff opposed the motion, arguing that the motion was untimely. In addition, he asserted that Barilla had the authority, either actual or ostensible, to bind Suntree. Moreover, Suntree had ratified the settlement: "Not once in the 18 months between the execution of the Stipulation for Settlement and the filing of this motion, did Suntree claim that Mr. Barilla lacked authority to execute the document. Not despite being represented by multiple attorneys at once; not despite the Stipulation for Settlement being filed with the Court along with a notice of settlement; not despite the Court's dismissal pursuant to that Stipulation for Settlement; not despite [plaintiff's] multiple subsequent letters demanding performance under the terms of the Stipulation for Settlement; not despite the tens of emails and telephone conversations between [plaintiff's] counsel and Suntree's various attorneys."

*Trial court order*

After entertaining oral argument, the trial court denied Suntree's motion. In so doing, it found that Suntree had pled in its verified SACC, consistent with California law and the CC&R's, that it was the authorized representative of the individual members of the homeowners' association. In fact, the settlement agreement itself contains an express representation by Suntree that it was acting on behalf of itself and its individual homeowners.

The trial court further found that Barilla had at least ostensible authority to represent and bind Suntree to the settlement.

7

Finally, the trial court found that Suntree had ratified Barilla's and Suntree's attorneys' authority by its postsettlement conduct.

*Appeal*

This timely appeal ensued.

## DISCUSSION

### I. *Standard of review and relevant law*

"Section 473, subdivision (d), provides a trial court 'may, on motion of either party after notice to the other party, set aside any void judgment or order.' '[I]nclusion of the word "may" in the language of section 473, subdivision (d) makes it clear that a trial court retains discretion to grant or deny a motion to set aside a void judgment [or order].' [Citation.] However, the trial court 'has no statutory power under section 473, subdivision (d) to set aside a judgment [or order] that is not void . . . .' [Citation.] Thus, the reviewing court 'generally faces two separate determinations when considering an appeal based on section 473, subdivision (d): whether the order or judgment is void and, if so, whether the trial court properly exercised its discretion in setting it aside.' [Citation.] The trial court's determination whether an order is void is reviewed de novo; its decision whether to set aside a void order is reviewed for abuse of discretion. [Citations.]" (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1020.)

"In determining whether an order is void for purposes of section 473, subdivision (d), courts distinguish between orders that are void on the face of the record and orders that appear valid on the face of the record but are shown to be invalid through consideration of extrinsic evidence. 'This distinction may be important in a particular case because it impacts the

8

procedural mechanism available to attack the judgment [or order], when the judgment [or order] may be attacked, and how the party challenging the judgment [or order] proves that the judgment [or order] is void.' [Citation.]" (*Pittman v. Beck Park Apartments Ltd.*, *supra*, 20 Cal.App.5th at pp. 1020–1021.)

"An order [or judgment] is considered void on its face only when the invalidity is apparent from an inspection of the judgment roll or court record without consideration of extrinsic evidence. [Citations.] . . . If the invalidity can be shown only through consideration of extrinsic evidence, such as declarations or testimony, the order is not void on its face. Such an order must be challenged within the six-month time limit prescribed by section 473, subdivision (b), or by an independent action in equity. [Citation.]" (*Pittman v. Beck Park Apartments Ltd.*, *supra*, 20 Cal.App.5th at p. 1021.)

II. *Trial court properly denied Suntree's motion to vacate the dismissal*

We conclude that the trial court properly denied Suntree's motion to vacate the dismissal.

A. <u>Suntree's motion was untimely</u>

First, we agree with plaintiff that Suntree's motion was untimely. The challenged judgment of dismissal is not void, as the alleged invalidity can only be shown by extrinsic evidence, namely the declarations offered by Suntree. As such, Suntree was required to bring its motion by no later than July 2020. Because it did not file its motion to vacate until March 2021, the motion was untimely and therefore properly denied.

B.  The parties reached a valid settlement agreement

Setting that aside, we conclude that the parties reached a valid and enforceable settlement agreement.[5]  And the dismissal was entered in accordance with the terms of that settlement.

1.  *Barilla was authorized to act on behalf of Suntree*

Suntree contends that the settlement agreement is unenforceable because Barilla, the board member who attended the mediation and signed the settlement agreement, did not have actual authority to act on behalf of Suntree.  Even assuming that Barilla did not have actual authority to bind Suntree, the trial court did not err in finding that plaintiff demonstrated that he had the ostensible authority to do so.

"Ostensible authority is authority that the principal, either intentionally or by lack of ordinary care, causes or allows a third party to believe the agent possesses.  [Citation.]  Ostensible authority is based on the principle of estoppel, and requires the essential elements of estoppel, i.e., representation, justifiable reliance, and changed position as a result of the reliance.  [Citation.]  Ostensible authority must be based on the acts or declarations of the principal and not solely upon the agent's

---

[5]  Suntree asserts that plaintiff knew he needed "full Board approval and full [individual homeownership] approval" in order for a binding settlement to be valid.  As set forth herein, the evidence demonstrates otherwise.  The trial court acted well within its discretion in rejecting Sarvian's declaration that he orally relayed this "ground rule[]" to plaintiff, particularly in light of the contrary written evidence submitted in opposition to the motion.  (*People v. Canada* (1960) 183 Cal.App.2d 637, 642 ["The rule that a trial judge is not required to accept as true the sworn testimony of a witness applies to affidavits.  [Citations.]")

10

conduct. [Citation.]" (*Taylor v. Roseville Toyota, Inc.* (2006) 138 Cal.App.4th 994, 1005.)

Here, there is ample evidence to support the trial court's finding of ostensible authority. After all, plaintiff's attorney notified Suntree that plaintiff would only participate in mediation if "a representative of the Suntree HOA [was] present, and *vested with the authority to approve a compromise at the time of mediation*." Suntree's attorney responded in writing: "The HOA will have at least one Board member at the Mediation with full authority to resolve this matter." Suntree then sent Barilla to the mediation,[6] where the parties reached a settlement. Under these circumstances, the trial court did not err in finding that Barilla had ostensible authority to negotiate a settlement on behalf of Suntree.

2. *Suntree ratified Barilla's authority and the settlement agreement*

Furthermore, Suntree's behavior after the settlement ratified the authority of Barilla. "'Ratification is the voluntary election by a person to adopt in some manner as his own an act which was purportedly done on his behalf by another person, the effect of which, as to some or all persons, is to treat the act as if originally authorized by him.'" (*Estate of Stephens* (2002) 28

---

[6]      In his March 2021 declaration filed in support of Suntree's motion to vacate, Barilla asserts that he did not have the authority to settle the claims arising in this lawsuit. The trial court acted well within its discretion in implicitly disbelieving Barilla. (*Mosesian v. Bagdasarian* (1968) 260 Cal.App.2d 361, 368 ["It is axiomatic that a reviewing court will not reweigh the evidence nor pass upon the credibility of witnesses. [Citations.]")

Cal.4th 665, 673.) "'A purported agent's act may be adopted expressly or it may be adopted by implication based on conduct of the purported principal from which an intention to consent to or adopt the act may be fairly inferred, including conduct which is "inconsistent with any reasonable intention on his part, other than that he intended approving and adopting it."'" (*Behniwal v. Mix* (2005) 133 Cal.App.4th 1027, 1040.)

Here, plaintiff filed and served a notice of settlement, seeking dismissal of the action. Suntree did not object. Thereafter, the trial court sent the parties a notice of settlement and vacated all subsequent hearing dates. Again, Suntree did not object. In fact, Suntree did nothing to challenge the purportedly invalid settlement until more than a year later, when it filed its motion to vacate the dismissal. Instead, it participated in ongoing negotiations to resolve the outstanding items for the long form agreement. Suntree's conduct, fairly interpreted, demonstrates its intent to approve and adopt the terms of the stipulation for settlement that Barilla executed on its behalf.

3. *The individual homeowners were not indispensable parties*

Urging us to reverse, Suntree argues that the individual homeowners were indispensable parties to the litigation, entitled to notice and an opportunity to participate in the mediation and object to the proposed settlement. We are not convinced.

Suntree brought its cross-action against plaintiff as the authorized representative of the individual homeowners pursuant to section 382, Civil Code section 5980, and the CC&R's. And, Suntree alleged in its verified pleading that it was "specifically authorized and obligated to maintain and to repair damage to the Common Areas." It follows that the individual

12

homeowners were not indispensable parties to this matter. (See *Sierra Palms Homeowners Assn. v. Metro Gold Line Foothill Extension Construction Authority* (2018) 19 Cal.App.5th 1127, 1134 [individual homeowners not required to be named in an action concerning common areas].)

*Ranch at the Falls LLC v. O'Neal* (2019) 38 Cal.App.5th 155 (*Ranch at the Falls*) is readily distinguishable. In that case, the trial court granted judgment to a plaintiff who sought to quiet title to two claimed easements with residential gated communities. (*Id.* at p. 159.) Individual homeowners within the gated communities, who owned the private streets abutting their lots, brought a motion to vacate the judgment. (*Id.* at pp. 159, 171.) The trial court denied the motion, finding that the individual homeowners were not indispensable parties to the plaintiff's lawsuit. (*Id.* at p. 160.) The Court of Appeal reversed, reasoning, inter alia, that the individual "homeowners should have been joined as parties, as required under the quiet title statutes." (*Id.* at p. 172.) After all, they owned the private streets that abutted their properties. (*Ibid.*) Thus, the judgment could not be binding against them unless they "were parties, or unless, as a matter of law, the [homeowners' association] had the authority to bind its members to the grant of an easement over the streets owned by the members." (*Id.* at p. 173.)

In contrast, plaintiff here does not allege a quiet title claim.[7] While Suntree does allege a claim for quiet title in the

---

[7] Suntree offers no legal authority in support of its assertion that the recordation of plaintiff's lis pendens at the onset of this litigation made the individual homeowners indispensable parties to this litigation. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

13

SACC, it did not join the individual homeowners as parties. In fact, the SACC alleges that it was bringing its action "as the authorized representative of its members" pursuant to section 382, Civil Code section 5980, and the CC&R's.

Furthermore, in *Ranch at the Falls*, at issue was a judgment entered after a trial; the parties attempting to vacate the judgment were individual homeowners who had not been joined as defendants in the quiet title causes of action. (*Ranch at the Falls*, *supra*, 38 Cal.App.5th at pp. 167, 171.) But here, there is a settlement agreement that expressly provides that the homeowners association was acting on behalf of itself and the individual homeowners.

Relying heavily upon *Gauss v. GAF Corp.* (2002) 103 Cal.App.4th 1110 (*Gauss*), Suntree contends that the signatures of all of the individual homeowners were required in order for the settlement to be enforced via section 664.6. In other words, according to Suntree, *Gauss* forecloses the use of the section 664.6 procedure to "enforce a settlement agreement signed only by a party's agent." (*Gauss*, *supra*, 103 Cal.App.4th at p. 1121.)

In *Gauss*, the court considered "the enforceability of mass tort settlements" under section 664.6. (*Gauss*, 103 Cal.App.4th at p. 1112.) "Specifically, can section 664.6 be used to enforce a settlement that was signed by *a party's* agent, rather than *the party* itself, when the agent had sole and exclusive authority to settle claims on *the party's* behalf?" (*Gauss*, at p. 1113, italics added.) The court concluded that it could not: "The summary, expedited enforcement procedure afforded by section 664.6 is only available when a settlement satisfies the statutory requirements designed to ensure *the parties* have actually consented to the terms of the settlement." (*Gauss*, at p. 1113, italics added.)

14

*Gauss* is inapplicable to the instant case for at least two reasons.  First, *Gauss* was interpreting the requirements of section 664.6.  But the motion at issue here was one under section 473 to vacate as void the settlement-prompted  dismissal.  These two statutes have different purposes and different procedural requirements.  (See *Basinger v. Rogers & Wells* (1990) 220 Cal.App.3d 16, 23 [distinguishing 473 motion from 664.6 motion]; *Machado v. Myers* (2019) 39 Cal.App.5th 779, 799 [distinguishing 473 motion from 663 motion].)  To the extent Suntree is asking us to incorporate section 664.6's requirements into this section 473 motion, we decline to do so.  Second, even if we were to apply section 664.6's requirement that there be a writing "signed by the parties" to the lawsuit (§ 664.6, subd. (a)), the individual homeowners were not parties to the instant lawsuit (see *Levy v. Superior Court* (1995) 10 Cal.4th 578, 584 ["in providing for an enforcement mechanism for settlements by 'parties,' the Legislature intended the term to literally mean the litigants personally"]), and, as set forth above, they were not required to be.  Thus, even if *Gauss* and section 664.6 applied, their signatures were not required.

Finally, we reject Suntree's reliance upon the filed, but not served Doe amendments, as evidence that the individual homeowners were indispensable parties to this litigation.  As aptly pointed out by the trial court, the parties agreed that plaintiff would only serve the Doe defendants (the individual homeowners) after the mediation, or not at all if the mediation resulted in a settlement.  In light of this agreement, the individual homeowners could not have been indispensable parties.

## DISPOSITION

The order is affirmed. Plaintiff is entitled to costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST


We concur:


_____, P. J.
LUI


_____, J.
HOFFSTADT

16