[Civ. No. 17644.   Second Dist., Div. Two.   Oct. 23, 1950.]

MARY ANNE YOUNG, Appellant, v. ANGUS YOUNG, Respondent.

Hahn, Ross, Goldstone & Saunders for Appellant.

Zagon, Aaron & Sandler and Nelson Rosen for Respondent.

McCOMB, J.—From a judgment predicated upon the sustaining of a demurrer without leave to amend to plaintiff's complaint to establish the existence of a decree of divorce from a sister state, plaintiff appeals.

*Facts:* Plaintiff alleged in her complaint as amended that an interlocutory decree of divorce was rendered in her favor against defendant by the superior court of the State of Washington; that prior thereto the parties had entered into a property settlement which was incorporated in the interlocutory decree; and that a final decree of divorce had been entered. It was also alleged that she had not remarried since the entry of the final decree, and that the minor children of the parties

had not yet reached their majority. Predicated upon the foregoing allegations she prayed as follows: "1. That said foreign decree of divorce be established; 2. That such decree in all respects ratify, approve, confirm and incorporate said property settlement agreement as a part thereof the same as if fully set forth herein; 3. For costs of suit; 4. For such other and further relief as the court may deem just and proper in the premises."

Defendant demurred to the complaint as amended upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was sustained.

*Question: Did the complaint state a cause of action in the absence of an allegation that defendant had refused or failed to comply with the terms of the property settlement agreement or of the decree entered in the State of Washington?*

█ The rule is accurately stated in 1 California Jurisprudence (1921) at page 335, section 25, as follows: "To invoke the jurisdiction of a court of justice, it is primarily essential that there be involved a genuine and existing controversy, calling for present adjudication as involving present rights." See, also, *Neill* v. *Five C. Refining Co.*, 79 Cal.App.2d 191 [179 P.2d 818], wherein Mr. Justice Drapeau thus pointedly states the rule at page 193, "An action not founded upon an actual controversy, or prosecuted 'for the gratification of the curiosity of the litigants' is collusive and will not be entertained. (Citing cases.)"

█ In the instant case the allegations set forth by plaintiff in her complaint as amended fail to allege any facts from which it can be concluded that there is any controversy between the parties or that the judgment she seeks would be of any practical or productive result to her. Therefore the trial court properly sustained the demurrer without leave to amend.

Cases such as *Cummings* v. *Cummings*, 97 Cal.App. 144 [275 P. 245], and *Rinkenberger* v. *Rinkenberger*, 99 Cal.App. 45 [277 P. 1096], and other cases relied on by plaintiff, merely establish the rule that where a complaint alleges sufficient facts to show that a defendant has not complied with the terms of a foreign decree of divorce, the courts of a different state will entertain an action for the purpose of enforcing the provisions of such foreign decree.

Judgment affirmed.

Moore, P. J., and Wilson, J., concurred.