[No. A089555. First Dist., Div. Three. July 23, 2001.]

THE HOUSING GROUP et al., Plaintiffs and Respondents, v.
UNITED NATIONAL INSURANCE COMPANY et al., Defendants and
Appellants.

Hamrick & Evans, A. Raymond Hamrick III and Raymond C. Dion for Defendants and Appellants.

Law Offices of Jon-Marc Dobrin, Jon-Marc Dobrin, Eugene N. Stuart III and Hal Chase, Jr., for Plaintiffs and Respondents.

**PARRILLI, J.**—May parties engaged in private dispute resolution stipulate to the appointment of a judicial referee or judge pro tempore to secure a

settlement enforceable by the court under Code of Civil Procedure section 664.6?[1] Not unless they seek the reference in pending litigation.

This appeal was taken from an order of the Superior Court of San Francisco County purporting to enforce an insurance coverage settlement entered pursuant to section 664.6 and enter partial judgment thereon. We conclude that the superior court lacked jurisdiction and the order was void.

The original filing in the Superior Court of San Francisco County was a stipulated petition for the appointment of a "judge pro tempore" to preside over the entry of a settlement. Although no dispute was pending between the parties in the superior court, the court appointed a "judge pro tempore," and the parties recorded a settlement at a hearing before him. Thereafter, a dispute arose in which the insured contended the insurer had not fulfilled its obligations under the settlement. The insured filed a motion to enforce the settlement in superior court. The insurer responded on the merits, disputing the insured's interpretation of the settlement, and also complained the superior court was not the "proper" tribunal for enforcement, since the court had referred the matter to a temporary judge. After the court granted the motion and entered partial judgment, the insurer raised these same arguments on appeal.

Although the parties did not initially address the issue, we called for supplemental briefing on the following question: "In the absence of a preexisting lawsuit or agreement between the parties for appointment of a referee, by what authority did the superior court obtain jurisdiction over the dispute in this case?" We conclude the superior court never obtained subject matter jurisdiction, despite the parties' attempt to confer jurisdiction by stipulation. Accordingly, we reverse the partial judgment for lack of jurisdiction and do not address the substantive issues raised in the appeal.

### BACKGROUND

In March 1996, The Housing Group (THG) and United National Insurance Company (UNI) were in the midst of negotiating a settlement of their dispute over UNI's insurance coverage obligations. THG had previously filed a coverage lawsuit against UNI and Scottsdale Insurance Company (Scottsdale) in federal court. In addition, THG had filed claims against UNI in two state court actions filed in Solano County and Contra Costa County

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

Superior Courts.[2] No action had been filed or was pending between these parties in the San Francisco County Superior Court.

After many private mediation sessions before Daniel Weinstein, a retired judge of the superior court, on March 27, 1996 the parties filed a petition in San Francisco County Superior Court. This petition set forth several stipulations. Together, the parties asked the court to: (1) take jurisdiction over the pending settlement negotiations and mediation; (2) appoint Judge Weinstein as a judge pro tempore to preside over the entry of a settlement in the form of a stipulated judgment (§ 664.6); and (3) permit Judge Weinstein to retain jurisdiction "until the settlement has been fully documented and all funds required by the settlement have been delivered to Petitioners [THG]." The following day, the court accepted jurisdiction and appointed Judge Weinstein as a judge pro tempore "to carry out the purpose and intent of the parties to this Stipulation."

On March 29, 1996, counsel for the parties appeared before Judge Weinstein and acknowledged on the record their clients' consent to be bound "pursuant to 664.6 of the Code of Civil Procedure" by the provisions of a settlement agreement. They had prepared a writing, referred to as Exhibit A at the hearing, which laid out in detail the rights and obligations of THG, UNI and subscribing underwriters for the insurance policies in question. The settlement included a "sharing agreement," which required THG to share with UNI certain recoveries it might obtain from Scottsdale. From the record on appeal, it appears the parties did not immediately file the transcript of the March 29, 1996 hearing, or Exhibit A memorializing the settlement agreement, in the San Francisco Superior Court.

In July 1996, following a mediation before former United States District Court Judge Layn Phillips, THG settled its coverage dispute with Scottsdale. After learning of this settlement, UNI demanded reimbursement from THG pursuant to the sharing agreement. THG initially refused. After a private mediation of the dispute, THG agreed to pay half of the Scottsdale settlement fund to UNI, and UNI promised to "repay" THG "dollar for dollar" when and if THG later withdrew money (i.e., for defense and indemnity payments) from the Scottsdale fund. This provision was called a "matching

---

[2] The record does not disclose whether these actions were still pending when the parties petitioned the San Francisco Superior Court for appointment of a judge pro tempore. UNI identifies the federal case as the only coverage lawsuit brought against it by THG. According to UNI, THG agreed to dismiss this lawsuit before the petition was filed. However, THG claims that, in addition to this suit, the Contra Costa and Solano County actions alleged claims against UNI. THG suggests all of these cases were "pending," albeit elsewhere, when the parties filed their petition. Nowhere does the petition describe or refer to pending litigation in any court.

agreement." THG and UNI eventually memorialized this settlement in a formal "Stipulation and Order Amending Settlement On The Record Between The Parties Hereto" (Stipulation and Order), which was signed by Judge Weinstein and filed in San Francisco Superior Court.

THG later sought reimbursement from the Scottsdale fund for defense and indemnity costs in nine cases. UNI objected to disbursement of most of the amounts requested, as was its right under the Stipulation and Order, and the matter proceeded to arbitration before Judge Phillips. On August 18, 1999, Judge Phillips approved reimbursements from the Scottsdale fund totaling $424,964.92, roughly half the amount THG had requested.

On August 30, 1999, THG filed in San Francisco Superior Court a "Motion . . . To Enforce Settlement On The Record . . . And For Partial Judgment Thereon." THG argued that UNI and Generali (as a subscribing underwriter) agreed to be bound by the 1996 settlement—consisting of the record before Judge Weinstein and the attached Exhibit A—and by the amendments set forth in the 1998 Stipulation and Order. Pursuant to the matching agreement in the Stipulation and Order, THG claimed UNI and Generali were obligated to match the Scottsdale fund disbursement dollar for dollar. Citing the fact that the 1996 Settlement was a stipulated judgment pursuant to section 664.6, THG prayed for partial judgment in the amount of $424,964.92, plus interest. UNI and Generali opposed the motion on the merits but also asserted that Judge Weinstein, and not a judge of the superior court, was the proper person to adjudicate the matter. The court ultimately granted THG's motion, and this appeal followed.[3]

## DISCUSSION

 We obtained supplemental briefing to clarify the basis of the superior court's jurisdiction over this matter. Both sides contend their 1996 petition properly invoked the court's jurisdiction. In this petition, the parties stipulated "that this court take jurisdiction over the pending settlement negotiations and mediation between Petitioners and Respondent currently taking place under the auspices of JAMS/ENDISPUTE, with the Honorable Daniel Weinstein, Retired Judge of the California Superior Court, presiding." They also asked the court to appoint Judge Weinstein, "as Judge Pro Tempore, to preside over the current settlement negotiations between Petitioners and Respondent so that a settlement can be entered into on or before

---

[3]An order regarding enforcement of a judgment is immediately appealable. (*In re Marriage of Adams* (1987) 188 Cal.App.3d 683, 688 [233 Cal.Rptr. 534].)

March 29, 1996, in the presence of [Judge] Weinstein, . . . so that it will be enforceable under California Code of Civil Procedure Section 664.6."[4]

Neither party filed a complaint to initiate a civil action in the San Francisco County Superior Court, nor was any case pending between the parties in that court. Rather, the petition itself was treated as the first filing of a new case. Yet the petition did not describe the substance or amount of any controversy between THG and UNI, nor did it reference any pending litigation between the parties. It simply related that the parties had participated in a mediation and, without describing the dispute, asked the court to take jurisdiction of the "pending settlement negotiations and mediation" and immediately confer such jurisdiction upon the mediator.[5] The parties' intention was clear: to convert the settlement they had reached before a private mediator into a stipulated judgment that could be enforced in the future using the relatively expeditious procedure of section 664.6. (See *Weddington Productions, Inc. v. Flick* (1998) 60 Cal.App.4th 793, 809 [71 Cal.Rptr.2d 265] ["Section 664.6 was enacted to provide a summary procedure for specifically enforcing a settlement contract without the need for a new lawsuit."].) But their execution fell short because the 1996 petition did not present the superior court with a justiciable controversy.

■ " 'To invoke the jurisdiction of a court of justice, it is primarily essential that there be involved a genuine and existing controversy, calling for present adjudication as involving present rights.' " (*Young v. Young* (1950) 100 Cal.App.2d 85, 86 [223 P.2d 25].) Normally, in a civil action, the court is apprised of such a controversy by the filing of a complaint, which must describe the facts giving rise to a cause of action and state a demand for appropriate relief. (§ 425.10.) ■ The petition in this case did not advise the court of the substance of any controversy. Rather, the petition strongly suggested the parties had already resolved their dispute, since it expressed their desire to enter into a settlement before Judge Weinstein "on or before March 29, 1996"—a mere two days after the petition was filed. The parties thus did not approach the court with a dispute "calling for present adjudication." (*Young v. Young, supra,* at p. 86.) Instead, they came to court with a negotiated settlement and asked only that the court appoint a judicial officer, of their choosing, to ratify it. In the absence of a present controversy between the parties, the superior court should not have assumed

---

[4]Section 664.6 provides: "If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement."

[5]The petition also stipulated that the court file was to be sealed immediately; however, the superior court deleted this requirement in the signed order.

jurisdiction. (See 2 Witkin, Cal. Procedure (4th ed. 1996) Jurisdiction, § 384, pp. 987-988 [courts may decline to exercise jurisdiction over "sham" or "moot" action involving no controversy]; *Young v. Young, supra,* at p. 86 [because complaint seeking approval and ratification of foreign divorce decree alleged no present controversy, it was properly dismissed]; *Gillette v. Gillette* (1932) 122 Cal.App. 640 [10 P.2d 760] [because petition for order approving trust accounting and fixing compensation of trustees presented no actual controversy, superior court had no jurisdiction to render declaratory relief].)

Although no published case appears to address this precise factual situation, our decision is consistent with *Viejo Bancorp, Inc. v. Wood* (1989) 217 Cal.App.3d 200 [265 Cal.Rptr. 620]. In that case, an action between a bank and its former officer was dismissed after the parties entered into a written settlement. Less than a year later, the bank filed a new action against the officer, contending he had breached the settlement agreement. The bank later filed a motion pursuant to section 664.6 to enforce the settlement. While observing the motion should have been filed in the first action, the court granted it and entered a judgment which was "deemed to relate back" to the first action. (217 Cal.App.3d at pp. 203-204.) Based on the statutory language, the Court of Appeal reasoned section 664.6 applies only to settlements reached in *pending* litigation. (217 Cal.App.3d at p. 206; see § 664.6 [allowing court to enter judgment on a settlement "[i]f parties to pending litigation stipulate . . . ."].) The parties had voluntarily dismissed the first action, and thus it was no longer pending when the court attempted to enter judgment pursuant to section 664.6. (217 Cal.App.3d at p. 206; § 1049.) Because the parties had dismissed the action that gave rise to their settlement, the appellate court concluded the trial court was "without subject matter jurisdiction" to enter a judgment in the action. (217 Cal.App.3d at p. 206; see also *Kirby v. Southern California Edison Co.* (2000) 78 Cal.App.4th 840 [93 Cal.Rptr.2d 223] [§ 664.6 authorizes summary enforcement only of settlements made while litigation is pending].) Likewise, in the case before us, the actions that gave rise to a settlement were not pending in the court that attempted to enter a judgment on the settlement pursuant to section 664.6.

By its express terms, section 664.6 only permits an entry of stipulated judgment by parties to "pending litigation." This phrase was recently held to encompass postjudgment proceedings in the unique context of family law (*In re Marriage of Armato* (2001) 88 Cal.App.4th 1030 [89 Cal.App.4th 406b, 106 Cal.Rptr.2d 395] [litigation "pending" for purposes of § 664.6 on child support issues that remained after judgment of dissolution]), and similar

statutory language has been interpreted broadly in determining when privileges attach. (See, e.g., *Edwards v. Centex Real Estate Corp.* (1997) 53 Cal.App.4th 15, 30-31 [61 Cal.Rptr.2d 518] [litigation privilege for statements made in a "judicial proceeding" (Civ. Code, § 47, subd. (b)) applies to communications made in advance of litigation].) However, we have found no basis in the history or policy of section 664.6 to allow parties who have no case pending in a court to obtain a judgment from that court.

Nor was the parties' stipulation to invoke the superior court's jurisdiction sufficient to create *subject matter* jurisdiction, which refers to the court's inherent power to hear a case. (*National Union Fire Ins. Co. v. Stites Professional Law Corp.* (1991) 235 Cal.App.3d 1718, 1723 [1 Cal.Rptr.2d 570].) It is well settled that parties cannot confer subject matter jurisdiction upon the court by consent, waiver or estoppel. (2 Witkin, Cal. Procedure, *supra*, Jurisdiction, § 12, pp. 556-558 [collecting cases].)

UNI assumes the parties' agreement was sufficient to confer jurisdiction on the superior court because it invoked the court's authority to appoint a general referee pursuant to section 638.[6] In relying on section 638, UNI apparently recognizes the court could not properly appoint a "judge pro tempore," as the parties requested, because such an appointment can only be made on the stipulation of "parties litigant." (Cal. Const., art. VI, § 21; *Sarracino v. Superior Court* (1974) 13 Cal.3d 1, 6 [118 Cal.Rptr. 21, 529 P.2d 53] ["[T]he phrase 'parties litigant' means the parties who are taking part in the litigation—those who have appeared therein."].) In any event, the fact that the parties seek some action by the court does not create a justiciable controversy. Moreover, UNI cites no authority construing section 638 as a source of jurisdiction. UNI's sole argument for jurisdiction focuses on language in section 638 permitting the appointment of a private referee to "try any or all issues in an action or proceeding." Because the statute does not specify that the "action or proceeding" must be currently pending in the same court from which the parties seek a reference, UNI contends section 638 theoretically allows parties to petition the court for appointment of a referee even though they have no lawsuit pending in that court. However, we

---

[6]Section 638 states, in relevant part:

"A reference may be ordered upon the agreement of the parties filed with the clerk, or judge . . .

"1 To try any or all of the issues in an action or proceeding, whether of fact or of law, and to report a statement of decision thereon;

"2 To ascertain a fact necessary to enable the court to determine an action or proceeding."

find no case law authorizing this practice, and it appears particularly inappropriate when the parties have not disclosed to the court the substance of any current dispute.[7]

Nor do we agree that section 638 itself authorizes the appointment of a private judge when no action or proceeding is pending in the court. An action is defined as "an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." (§ 22.) "Every other remedy is a special proceeding." (§ 23.) Clearly, the parties in this case did not present the San Francisco Superior Court with an "action," since no complaint was filed (see § 411.10 ["A civil action is commenced by filing a complaint with the court."]), nor did they seek a remedy in anything recognized as a "special proceeding." In reviewing cases that discuss section 638, we find no support for UNI's position, and some statements to the contrary. (See *Sy First Family Ltd. Partnership v. Cheung* (1999) 70 Cal.App.4th 1334, 1341 [83 Cal.Rptr.2d 340], quoting *Jovine v. FHP, Inc.* (1998) 64 Cal.App.4th 1506, 1521 [76 Cal.Rptr.2d 322] [" 'A reference by the trial court involves the sending of a *pending* action or proceeding, or some issue raised therein, to a referee for hearing, determination and report back to the court.' " (Italics added.)].)

Because the parties' 1996 petition did not properly invoke the superior court's jurisdiction, their recitation of a settlement before Judge Weinstein did not become a stipulated judgment pursuant to section 664.6.[8] The parties' desire to convert their settlement into an easily enforceable judgment is understandable. However, the procedure they followed carries an unacceptable potential for abuse. If parties could obtain the imprimatur of a court judgment upon disputes that were never disclosed to the court, many safeguards inherent in the public court system (such as protections for absent third parties, or the refusal of courts to enforce illegal contracts) would be lost.

To sum up, a petition that asks the court to assume jurisdiction over pending settlement negotiations in an undisclosed dispute presents no justiciable controversy. Parties may not confer jurisdiction upon a court by stipulation. Additionally, the circumstances allowing reference under section

---

[7]This situation differs in fundamental respects from, for example, petitions to compel arbitration, which call upon the court to enforce a preexisting agreement to arbitrate disputes.

[8]Even if the parties had properly invoked the jurisdiction of the superior court, we doubt whether it could be said, on this record, that Judge Weinstein exercised sufficient adjudicative authority over the proceedings to permit enforcement of the settlement under section 664.6. (See *In re Marriage of Assemi* (1994) 7 Cal.4th 896, 909 [30 Cal.Rptr.2d 265, 872 P.2d 1190]; *Murphy v. Padilla* (1996) 42 Cal.App.4th 707, 715 [49 Cal.Rptr.2d 722].)

638 are statutorily defined, and require an action or proceeding over which the court has jurisdiction. Because the superior court never obtained subject matter jurisdiction over the present case, its entry of partial judgment was void. While our determination requires a dismissal of the case, it does not foreclose other remedies (such as in contract) that may be available to enforce the settlement agreement. Of course, we express no opinion on the merits of any such alternatives, as they fall beyond the scope of this appeal.

### DISPOSITION

The partial judgment is reversed, and the trial court is directed to dismiss the action. Each party to bear its own costs.

McGuiness, P. J., and Corrigan, J., concurred.

A petition for a rehearing was denied August 16, 2001, and respondents' petition for review by the Supreme Court was denied October 10, 2001.