Filed 7/29/15  Bell v. Cal. Dept. of Corrections and Rehabilitation CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| SHERMAN BELL<br><br>    Petitioner and Appellant,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION ,<br><br>    Defendant and Respondent. | H040466<br>(Monterey County<br>Super. Ct. No. HC8059) |

Sherman Bell, who is a prisoner at California Substance Abuse Treatment Facility and State Prison-Corcoran (SATF–CSP), appeals from the denial of his motion for injunctive relief.

*Background*

On July 18, 2013, Bell filed a "Petition for Writ of Habeas Corpus and Motion for Preliminary Injunction and Temporary Restraining Order" in the Monterey County Superior Court.  In the pleading, Bell sought injunctive relief prohibiting the California Department of Corrections and Rehabilitation (CDCR) from disposing of his excess personal property.  In particular, Bell sought to prohibit the CDCR from disposing of some of his legal research documents and religious books and publications upon his transfer to SATF–CSP on July 16, 2013.  At the time Bell filed the "petition," he was an inmate at Salinas Valley State Prison (SVSP).  On November 8, 2013, the trial court dismissed the "petition."  The trial court deemed the "petition" moot since, according to

Bell his transfer to SATF-CSP was scheduled for July 16, 2013.  On December 5, 2013, Bell filed a handwritten notice of appeal with the Monterey County Superior Court; he appealed from "the court's refusal to issue a temporary restraining order and preliminary injunction."

*Appealability*

In essence, respondent contends that the denial of injunctive relief is not an appealable order because Bell filed his request as a petition for writ of habeas corpus.

Code of Civil Procedure section 904.1, subdivision (a) specifies that "[a]n appeal, other than in a limited civil case, is to the court of appeal.  An appeal, *other than in a limited civil case*, may be taken from any of the following:  [¶]  . . .  [¶] (6) From an order . . . refusing to grant . . . an injunction."  (Code Civ. Proc., § 904.1, subd. (a)(6), italics added.)

" 'A trial court's order is appealable when it is made so by statute.'  [Citation.] The 'one final judgment' rule, codified in Code of Civil Procedure section 904.1, subdivision (a)(6) allows appeals in a civil case to be taken not only from a 'judgment,' but also from various types of orders, including orders granting or refusing to grant an injunction.  Whether a particular order constitutes an appealable injunction depends not on its title or the form of the order, but on ' "the substance and effect of the adjudication." ' [Citation.]" (*PV Little Italy*, *LLC v. MetroWork Condominium Assn.* (2012) 210 Cal.App.4th 132, 142-143.)

In the November 8, 2013 order, implicitly the trial court refused to grant an injunction, expressly finding that the issue was moot.

Here, Bell is appealing from the court's denial of his requested injunctive relief. Although the document that he filed was on Judicial Council of California form MC-275 for petitions for writs of habeas corpus, Bell amended the document title to state that it was a request for a preliminary injunction.  The trial court understood the relief requested to be "a temporary injunction preventing SATF-CSP prison personnel from disposing of

2

his excess personal property upon his transfer to SATF-CSP." The form of the request notwithstanding, the substance and effect of the trial court's adjudication was to deny the preliminary injunction. We look to the nature of the relief sought, not the label or procedural device used to bring the action. Accordingly, the judgment is appealable pursuant to Code of Civil Procedure section 904.1, subdivision (a)(6).

*Standard of Review*

The usual standard of review for the granting or denial of a preliminary injunction is the abuse of discretion standard of review. (*People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1109.)

*Discussion*

According to Bell, when he was transferred to the Administrative Segregation Unit in February 2013, where he was housed at the time he filed his motion for a preliminary injunction, prison officials boxed up his property, did not return all of it to him, and did not allow him to conduct an itemized inventory. Bell claimed to be "reasonably certain" that when officials determined how much property he possessed, "they will conclude that it is in excess of what is permitted." Further, Bell noted that he was being transferred to a different prison the day after he signed his motion;[1] he contended that officials at the receiving prison "are authorized to determine that petitioner has too much personal property and that none of it will be stored at the prison, and [will] order petitioner to, within [30] days, allow petitioner's choice of excess personal property to be destroyed, donated, or mailed out . . . ." Bell argued that he needed his legal property to proceed with litigating seven potential or current court cases, and his religious property to practice his ancient natural religion. Nevertheless, he acknowledged that "some of [the] factual allegations [were] conclusory," but argued he could not make them "more specific" given the short time frame between learning that he was going to be transferred and the transfer.

---

[1] Bell signed and dated his pleading on July 15, 2013.

3

Bell alleged he would suffer irreparable harm if he had to dispose of any of his legal or religious property. Thus, he asked the superior court to issue a temporary restraining order, followed by a preliminary injunction, directing the CDCR to refrain from making him dispose of his property.

As noted, the superior court denied Bell's motion for a preliminary injunction on the ground that the matter was moot.[2]

On appeal, appellant claims that the "essence" of his argument is that because CDCR rules, policies and procedures and practice "did not cease to be enforced" he is "everywhere and always subject to them" and there is no way that the " 'matter' can be moot." Bell claims that he "still seeks a hearing, a determination, and the giving of a remedy to protect his interests against the application of CDCR policies and practices in this regard."

The question before us is very narrow—that is, whether the trial court abused its discretion in determining that the relief that Bell requested could not be granted because Bell had already transferred to another prison.

" 'To invoke the jurisdiction of a court . . . it is primarily essential that there be involved a genuine and existing controversy, calling for present adjudication as involving present rights.' " (*Young v. Young* (1950) 100 Cal.App.2d 85, 86.)

Immediately, it is apparent that at the time the trial court denied the request for a preliminary injunction, one of two things had happened. Either the trial court would have been precluded from "enjoining" or "restraining" the CDCR from disposing of Bell's property on transfer to a new prison because Bell had already been transferred and he had already been required to dispose of his property; or Bell had been transferred and the

---

[2] The record contains no evidence that Bell moved to amend his motion with more specific facts showing actual harm or filed a supplemental motion detailing allegedly improper actions by CDCR before, during, or after he transferred prisons.

4

CDCR had not required him to dispose of his property. In both cases, any genuine and existing controversy that had existed no longer existed at the time the trial court ruled.

Accordingly, we conclude that the trial court did not abuse its discretion in denying Bell's motion for a preliminary injunction/restraining order.[3]

*Disposition*

The order of the trial court denying Bell's motion for a preliminary injunction is affirmed.

---

[3] That is not to say that Bell is without recourse. He may still file a civil lawsuit challenging the application of CDCR policies and practices (Pen. Code, § 2601, subd. (d)), after he exhausts his administrative remedies. (*Wright v. State of California* (2004) 122 Cal.App.4th 659, 665 [under both state and federal law, a prisoner must exhaust available administrative remedies before seeking judicial relief].) "A prisoner has numerous constitutional rights related to the conditions of his confinement or the lawful execution of his sentence which are independent of the criminal prosecution that led to his status as prisoner. Among these are his state and federal constitutional rights against cruel and/or unusual punishment [citations], and his rights to religious freedom, access to the courts, and freedom from invidious discrimination based on race. [Citation.] These fundamental constitutional rights reflect strong public policies, any institutional violation of which of necessity affects a large number of persons, most of whom are ill equipped by education, training, or financial ability to initiate and adequately prosecute legal actions to vindicate those rights without the assistance of counsel. [¶] Prisoners in California are granted additional rights by statute and regulation, some of which implement the constitutional guarantees, while others create new rights, and prisoners have a due process right to the enforcement of these statutes and regulations. [Citations.]" (*In re Head* (1986) 42 Cal.3d 223, 229, fn. omitted.)

_____

ELIA, J.

WE CONCUR:


_____

RUSHING, P. J.


_____

WALSH, J.[*]


*Bell v. California Department of Corrections and Rehabilitation*
H040466

_____

[*]Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution