Filed 12/16/20  Foden v. Raicevic CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JAMES E. FODEN, as Trustee, etc.,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>VANESSA RAICEVIC,<br><br>      Defendant and Appellant,<br><br>MARGARET C. LUX,<br><br>      Defendant and Respondent. | B300918<br>(Los Angeles County<br>Super. Ct. No. 17STPB07874) |

APPEAL from an order of the Superior Court of Los Angeles County, Gus T. May, Judge.  Appeal dismissed.

The Law Offices of Nigel Burns, Nigel Burns and Nicholas Stahl for Defendant and Appellant Vanessa Raicevic.

James E. Foden, in pro. per., for Plaintiff and Respondent.

Wolf, Rifkin, Shapiro, Schulman & Rabkin, Christopher J. Heck and Max N. Wellman for Defendant and Respondent Margaret C. Lux.

_____

Douglas Maas (Maas) created a revocable trust that acquired certain real property in Santa Monica (the trust). In his capacity as trustee, he leased the property to respondent Margaret C. Lux (Lux). Under the terms of the lease, Lux had the option to purchase the property for $3,000,000 during her tenancy. Maas later executed a restated and amended version of the trust instrument, which named Lux and appellant Vanessa Raicevic (Raicevic) as beneficiaries and provided that Raicevic would become Maas's successor trustee upon his death.

Upon Maas's death, Raicevic became the trustee pursuant to the terms of the restated and amended trust instrument. She then filed a civil suit on behalf of the trust, asserting that Lux and other defendants committed elder abuse in fraudulently and unlawfully securing lease terms that were unfavorable to Maas, including the option to purchase the property (the parallel civil action or parallel civil case). In response, Lux petitioned the probate court to have Raicevic removed as trustee. The probate court ultimately removed Raicevic and appointed respondent James E. Foden (Foden) as trustee.

Shortly thereafter, Foden filed a petition for instructions in the probate court, seeking an order authorizing him to dismiss the parallel civil action because he lacked standing to pursue the elder abuse claim and he did not believe that the lease was " 'grossly disadvantageous' " to Maas. Lux joined the petition and Raicevic opposed it. At the hearing on the petition, the probate court announced its intention to grant Foden's petition. After

2

that hearing, but prior to the entry of the order granting Foden's petition, the trial court in the parallel civil action dismissed the case with prejudice pursuant to an oral request Foden made at a case management conference. Several months later, the probate court issued the order granting Foden's petition for instructions.

Raicevic appeals this order, contending that the probate court erred in ruling on Foden's petition without first holding an evidentiary hearing on disputed factual issues, including whether the terms of the lease were so disadvantageous as to be the product of unlawful conduct and whether Foden had a conflict of interest in bringing that petition. In response, Lux argues Raicevic's challenge to the order granting Foden's petition for instructions is moot because we would be unable to grant Raicevic effective relief, given that she did not timely appeal the order dismissing the parallel civil action with prejudice. We agree with Lux and dismiss this appeal for lack of jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

We summarize only those facts pertinent to this appeal.

On February 12, 2008, Maas created the trust, which at some point acquired the real property at issue here. In October 2013, Maas, in his capacity as trustee, and Lux executed a 10-year ground lease agreement for the real property, which included an option allowing Lux to purchase the property during the lease term for $3,000,000 in exchange for a down payment of $300,000 that Lux made at the beginning of the tenancy.

On October 28, 2013, Maas and Lux executed an addendum that, inter alia, allowed Lux to decide whether to extend the lease term by five years. Also on that date, Lux assigned the lease to Ocean Park Properties, LLC; Lux signed the assignment in her capacity as the managing member of that entity.

On January 15, 2016, Maas and Lux (in her capacity as managing member of Ocean Park Properties, LLC) executed a second addendum to the ground lease that, among other things, reduced the annual rent for years 9 and 10 of the lease from $162,000 to $135,000, and reduced the annual rent for years 11, 12, 13, 14, and 15 of the potential extended lease term from $162,000 to $135,000.[1]

On March 21, 2017, Maas executed the second amendment and complete restatement of the trust (trust declaration). The trust declaration provides that Raicevic shall become Maas's successor trustee upon his death and that Foden shall serve as the successor trustee if Raicevic is "unable or unwilling to serve as trustee." The trust declaration further provides that upon Maas's death, the assets of the trust shall be distributed as follows (after accounting for certain expenses and gifts): 10% to Lux (described therein as Maas's "business acquaintance"); 10% to Trinity Broadcasting Network; 15% to Randall Maas; 15% to Sharon Maas; 15% to Reginald Maas; and the remainder of the

---

[1] Although the ground lease initially allowed Maas to live rent-free in one of the units on the property for the first two years of the lease term and required him to pay rent thereafter, Ocean Park Properties, LLC later agreed to allow Maas to live in the unit without having to pay rent unless and until Lux exercised her option to purchase the property and paid the balance of the agreed-upon purchase price. Although the parties' briefing does not elaborate on whether Lux did—at some point—exercise her option to purchase the property, Lux's counsel represented at oral argument that his client has not done so. If that is true, then the option would still be viable absent court intervention because it has not yet expired.

trust's assets to Raicevic (described therein as Maas's "significant other").

Maas died on June 17, 2017. On July 21, 2017, Raicevic became the successor trustee.

On July 24, 2017, Raicevic, in her capacity as the successor trustee, commenced the parallel civil action by filing a complaint against Lux; Ocean Park Properties, LLC; and numerous other defendants. The complaint alleged the following six causes of action: (1) financial elder abuse, (2) breach of fiduciary duty, (3) cancellation of the written lease/option, (4) conversion, (5) set aside donative transfer, and (6) action on a notary bond. Raicevic averred that Lux and certain codefendants exerted undue influence and fraudulently and unlawfully secured the ground lease and its accompanying option and addenda from Maas, who at the time of these transactions was an elderly man "suffering from various health infirmities."

Raicevic later filed a third amended complaint that added new defendants, another cause of action for breach of fiduciary duty, and new causes of action for professional negligence, rescission, and the appointment of a receiver and the issuance of a temporary restraining order. There is no dispute that Raicevic's legal theory essentially was unchanged throughout the pendency of the parallel civil proceedings, namely that Lux and others had illegally procured the ground lease and its accompanying option and addenda from Maas.

On August 29, 2017, Lux initiated the instant action in probate court by filing an ex parte petition to remove Raicevic as trustee. On November 2, 2018, the probate court issued an order removing Raicevic as trustee and appointing Foden as her successor.

5

On January 15, 2019, Foden filed a petition for instructions pursuant to Probate Code section 17200 et seq.,[2] wherein he sought "[a]n order authorizing [Foden] to file a dismissal of [the parallel civil action] as to all parties and all causes of action." Foden argued that dismissal was proper because as trustee, he lacked standing to prosecute an elder abuse claim, and the ground lease "was not, in [Foden's] opinion, 'grossly disadvantageous' to the decedent, nor was it 'undervalued'—from the decedent's point of view." Foden attached to the petition a report assessing the reasonableness of the terms of the ground lease and an appraisal of the real property. On March 7, 2019, Lux joined Foden's petition, and submitted several exhibits, including a copy of the ground lease and its addenda.

On March 13 and 14, 2019, Raicevic opposed Foden's petition and Lux's joinder thereto. Raicevic submitted exhibits in support of her position, including printouts from the Los Angeles County Assessor's website and from another website purporting to estimate the value of the real property at issue. On March 20, 2019, Foden filed a reply in support of the petition.

On March 26, 2019, the probate court heard Foden's petition for instructions. At the beginning of the hearing, the probate court indicated it was "inclined to grant [Foden's]

---

[2] Probate Code section 17200, subdivision (a) provides in pertinent part: "[A] trustee or beneficiary of a trust may petition the court under this chapter concerning the internal affairs of the trust or to determine the existence of the trust." (Prob. Code, § 17200, subd. (a).) In turn, subdivision (b)(6) provides: "Proceedings concerning the internal affairs of a trust include, but are not limited to, proceedings for any of the following purposes: [¶] . . . [¶] Instructing the trustee." (*Id.*, subd. (b)(6).)

petition" but had concerns regarding whether doing so would expose the trust to liability for attorney fees.[3]  At that point, Lux and several of the other defendants to the civil action, through their respective counsel, agreed to waive their right to seek attorney fees from the trust if the petition were granted.[4]

Shortly thereafter, the probate court stated it was "granting the petition for instructions . . . with the caveat that . . . there aren't going to be fees being sought against the trust." Raicevic's counsel responded:  "I believe, at a minimum, we have a right to an evidentiary hearing here. . . . [¶] . . . [¶] [The probate court is] basically putting [itself] in the shoes of the judge in the civil case, as the judge and the jury, and making the determination on the case."  Counsel argued that "[i]n a contested matter, such as this, an evidentiary hearing is required" under *Estate of Bennett* (2008) 163 Cal.App.4th 1303.  Notwithstanding Raicevic's claim that she was entitled to an evidentiary hearing,

---

[3] Section 38 of the ground lease provides:  "In the event of any action or proceeding at law or in equity between [the trustee] and [Lux] to enforce any provision of this Lease or to protect or establish any right or remedy of either party hereunder, the unsuccessful party to such litigation shall pay to the prevailing party all costs and expenses, including reasonable attorney fees, incurred therein by such prevailing party, and if such prevailing party shall recover judgment in any such action or proceeding, such costs, expenses and attorney fees shall be included in and as a part of such judgment."

[4] At around the conclusion of the hearing, Foden clarified that he needed to dismiss the parallel civil action *with prejudice* in order to secure defendants' agreement to waive their right to attorney fees.  The probate court then remarked:  "I think that's a reasoned judgment under the circumstances."

7

the probate court ruled: "[This is] a probate petition by someone that [the court] appointed as successor trustee who does seem to have the best interest of the trust in mind, and he's made a reasoned determination. [The court is] acknowledging and approving that decision."

On April 24, 2019, the trial court held a case management conference in the parallel civil action. At the conference, Foden requested dismissal of the civil action with prejudice, and all other parties appearing at the conference, including Lux's counsel, consented to that request. Later that day, the trial court issued a signed order dismissing the entire action with prejudice pursuant to Foden's request. Raicevic does not dispute, and thus impliedly agrees with, Lux's assertion that as of September 3, 2020 (i.e., the date on which Lux filed her respondent's brief), Raicevic had not taken any measures to become a party of record in the parallel civil action nor had she appealed the order of dismissal entered therein.[5] (See *Rudick v.*

_____

[5] Foden did not serve notice of the order of dismissal of the parallel civil action on Raicevic. Nonetheless, Raicevic clearly had notice of the order of dismissal no later than on May 17, 2019, when she filed a motion for an order from the probate court directing Foden to "take immediate action to vacate the dismissal" of the parallel civil action and "immediately reinstate" the case. In the motion, Raicevic did not explain precisely how she became aware of the order of dismissal. Further, the parties to this appeal do not clarify whether the probate court ruled on Raicevic's motion, although the fact that Raicevic is continuing to prosecute the instant appeal strongly suggests the motion was ultimately denied. In any event, Raicevic's notice of appeal indicates that she is appealing from the June 25, 2019 order concerning Foden's petition for instructions, attaches a copy of that order, and makes no

*State Bd. of Optometry* (2019) 41 Cal.App.5th 77, 89–90 [concluding that the appellants made an implicit concession by "failing to respond in their reply brief to the [respondent's] argument on th[at] point"].)

On June 25, 2019, the probate court issued an order granting Foden's petition for instructions "with the proviso that for the protection of the Trust, the dismissal of the Civil Action shall be with prejudice." The order noted that certain defendants to the civil action (including Lux) had waived claims for attorney fees and costs against the trust in exchange for the dismissal of the civil action with prejudice, and that the probate court had "decline[d] to set an evidentiary hearing with regard to the merits of the Civil Action . . . on the grounds that the question of the merits of the Civil Action [was] not before the court." On September 18, 2019, Raicevic appealed the June 25, 2019 order granting Foden's petition.[6]

---

reference to Raicevic's May 17, 2019 motion. Thus, the motion filed on May 17, 2019 is not before us.

[6] The June 25, 2019 order is not accompanied by a proof of service and it does not appear that a notice of entry of that order was served upon Raicevic. We conclude that this record supports Raicevic's uncontested assertions that "[t]he Probate Court did not formally serve the parties in this matter with copies of the Court's June 25, 2019 Order granting Mr. Foden's petition for instructions and Mr. Foden did not prepare, file or serve . . . a notice of ruling regarding the Probate Court's June 25, 2019 Order granting his petition for instructions." Thus, Raicevic's September 18, 2019 notice of appeal was timely filed within 180 days of the entry of the June 25, 2019 order. (See Cal. Rules of Court, rule 8.104(a)(1) ["[A] notice of appeal must be filed on or before the earliest of: [¶] (A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled

9

## DISCUSSION

On appeal, Raicevic's principal contention is that the probate court erred in granting Foden's petition for instructions without first holding an evidentiary hearing on "whether the lease/option [was] 'grossly disadvantageous' " and whether Foden's "petition [was] tainted by a clear conflict of interest . . . ." Lux counters that (1) Raicevic's appeal is moot because Raicevic failed to appeal the order of dismissal entered in the parallel civil action; (2) the parallel civil action was dismissed pursuant to a settlement agreement that Raicevic lacks standing to unwind; (3) Raicevic presented no evidence concerning whether Foden properly exercised his absolute discretion under the trust declaration to dismiss the parallel civil action; and (4) Raicevic waived her claim that she was entitled to an evidentiary hearing. Similarly, Foden argues that Raicevic's "disagreement" with his conclusion that "it was not in the best interest of the Trust or the beneficiaries of the Trust to continue to prosecute" the parallel civil action does not "give rise to any disputed facts for which an evidentiary hearing would be required," and the probate court "had already addressed [Raicevic's] conflict of interest allegations at the time of the appointment of" Foden as trustee "and found no reason to disqualify him."  Because we agree with Lux that

'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was served; [¶] (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service; or [¶] (C) 180 days after entry of judgment."].)

10

Raicevic's appeal is moot, we need not reach the other issues raised by the parties.[7]

" 'In general, it is a court's duty to decide " ' "actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." ' " ' " (*Sturgell v. Department of Fish & Wildlife* (2019) 43 Cal.App.5th 35, 43; see also *Housing Group v. United Nat. Ins. Co.* (2001) 90 Cal.App.4th 1106, 1111 [" ' "To invoke the jurisdiction of a court of justice, it is primarily essential that there be involved a genuine and existing controversy, calling for present adjudication as involving present rights." ' "].)  "[A] case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief." (*Lincoln Place Tenants Assn. v. City of Los Angeles* (2007) 155 Cal.App.4th 425, 454.)  Ordinarily, "[a]n appellate court will dismiss an appeal when an event occurs that renders it impossible for the court to grant effective relief." (See *In re N.S.* (2016) 245 Cal.App.4th 53, 58–59.)

Raicevic argues that even though she was no longer the trustee when the probate court granted Foden's petition, she still

---

[7] On February 24, 2020, the presiding justice for our division summarily denied Foden's motion, joined by Lux, to dismiss the appeal as moot.  Notwithstanding Raicevic's argument to the contrary, this prior ruling does not preclude us from revisiting whether Raicevic's appeal is moot. (*Ellis v. Ellis* (2015) 235 Cal.App.4th 837, 841, fn. 5 (*Ellis*) ["[A] summary denial of a motion to dismiss an appeal does not 'preclude later full consideration of the issue, accompanied by a written opinion, following review of the entire record and the opportunity for oral argument.' "].)

had an interest in the parallel civil action she originally initiated because her rights as the "primary beneficiary of the Maas Trust" and as "an individual who has a direct right and claim to the Subject Trust Real Property" were "affected by Mr. Foden's unilateral actions of having the Civil Case . . . dismissed . . . ." In particular, Raicevic claims her rights vis-à-vis the trust were affected by Foden's dismissal of the parallel civil action because the relief sought in that action was to overturn the "grossly unfavorable" ground lease and accompanying option and addenda that Lux had "wrongfully" obtained from Maas. Thus, to obtain effective relief in this court, Raicevic must not only secure the reversal of the June 25, 2019 order granting Foden's petition to dismiss the parallel civil action, but she must also obtain a ruling setting aside the order of dismissal in the parallel civil action.

Raicevic asserts, without citation to authority, that we may "vacate" the "[o]rder [of] dismissal of [the] related Civil Case . . . so a full evidentiary hearing can proceed regarding the trustee's petition for instructions." That we cannot do.

The deadline to appeal the April 24, 2019 order of dismissal has long since expired. (See Cal. Rules of Court, rule 8.104(a)(1)(C) [providing in pertinent part that a notice of appeal must be filed no later than 180 days after entry of judgment].) In the absence of a timely notice of appeal of the order of dismissal, we lack jurisdiction to vacate it. (See *Ellis*, *supra*, 235 Cal.App.4th at p. 842 [" 'Compliance with the time for filing a notice of appeal is mandatory and jurisdictional. [Citations.] . . . .' "]; *id.* at p. 846 ["Our jurisdiction is 'limited in scope to the notice of appeal and the judgment appealed from. [Citation.]' "]; cf. *In re A.A.* (2008) 167 Cal.App.4th 1292, 1318 [holding in a dependency case that appellants could not challenge

12

a prior order for which the deadline to appeal had already expired].)  It follows that Raicevic's failure to file a timely appeal of the order of dismissal moots the instant appeal.

We further observe that Raicevic had the opportunity to file a timely appeal of the trial court's order of dismissal even though she was no longer a party to the civil action after she had been removed as trustee.  Raicevic had actual notice of the order well within the 180-day window for filing a notice of appeal.  (See fn. 5, *ante*.)  The signed order of dismissal of the parallel civil action constitutes an appealable "final judgment" for the purposes of Code of Civil Procedure section 904.1, subdivision (a)(1).[8]  Given Raicevic's description of her interest in the parallel civil action, she could have satisfied the two essential elements of appellate standing under Code of Civil Procedure section 902—i.e., "one must (1) be a party and (2) be aggrieved." (*In re Marriage of Burwell* (2013) 221 Cal.App.4th 1, 13.) Specifically, she could have become of a party of record by moving to intervene[9] and would have been a "party aggrieved" for the

---

[8]  (See Code Civ. Proc., § 904.1, subd. (a)(1) ["An appeal . . . may be taken from any of the following: [¶] . . . [f]rom a judgment . . . ."]; *Younessi v. Woolf* (2016) 244 Cal.App.4th 1137, 1142–1143 ["[Code of Civil Procedure s]ection 581d declares, 'All dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes . . . .' [Citation.] . . . . [¶]  The trial court dismissed this action in a written order signed by it.  Thus, the ruling was an appealable judgment . . . ."].)

[9]  (See *Eck v. City of Los Angeles* (2019) 41 Cal.App.5th 141, 145 [noting that one means by which a nonparty may become a party of record for the purposes of Code of Civil Procedure section

13

purposes of Code of Civil Procedure section 902.**10** Additionally, had Raicevic timely appealed the order of dismissal, she could have moved to consolidate that appeal with the instant matter. (See *Primo Team, Inc. v. Blake Construction Co.* (1992) 3 Cal.App.4th 801, 803, fn. 1 [noting that an appellate court may consolidate appeals that "involve common issues of law and fact"].) As we noted in the Factual and Procedural Background, Raicevic undertook none of these steps.

---

902 is by moving to intervene and, if that motion is unsuccessful, the nonparty may appeal the order denying the intervention motion]; *Edwards v. Heartland Payment Systems, Inc.* (2018) 29 Cal.App.5th 725, 732 ["[T]o establish mandatory intervention, a proposed intervener must show (1) ' "an interest relating to the property or transaction which is the subject of the action" '; (2) the party is ' "so situated that the disposition of the action may as a practical matter impair or impede that person's ability to protect that interest" '; and (3) the party is not adequately represented by existing parties," italics omitted.]; *Hernandez v. Restoration Hardware, Inc.* (2018) 4 Cal.5th 260, 267 ["The fact that [Code of Civil Procedure] section 387 allows for a 'timely' application means that intervention after a judgment is possible."].)

**10** "To be aggrieved [for the purposes of Code of Civil Procedure section 902], a party must have a legally cognizable immediate and substantial interest which is injuriously affected by the court's decision. A nominal interest or remote consequence of the ruling does not satisfy this requirement." (See *In re Carissa G.* (1999) 76 Cal.App.4th 731, 734.) As we noted earlier, Raicevic maintains that her rights as the "primary beneficiary of the Maas Trust" and as "an individual who has a direct right and claim to the Subject Trust Real Property" were "affected by Mr. Foden's unilateral actions of having the Civil Case . . . dismissed . . . ."

14

Lastly, we reject Raicevic's remaining arguments that this case is not moot. Raicevic contends Foden "wrongfully" sought dismissal of the parallel civil case "three months before the Probate Court entered a formal Order to approve Mr. Foden's petition for instructions," and that "[t]he wrongful and unilateral actions of [Foden] do[ ] not moot [Raicevic's] appeal of the June 25, 2019 Order of the Probate Court because the issues of mootness are completely based on [Foden's] unilateral actions of having the Civil Case in this matter dismissed without a Court O[r]der." (Boldface & underscoring omitted.) Assuming arguendo Foden's oral request to dismiss the parallel civil action was procedurally "wrongful," that fact would have no bearing on whether we can provide an effective remedy for any such wrongful conduct.[11]

Raicevic cites *A.L.L. Roofing & Bldg. Materials Corp. v. Community Bank* (1986) 182 Cal.App.3d 356, to support her contention that "the merits of the original controversy are still . . . very much at issue . . . ." There, the Court of Appeal held that a defendant-bank's appeal of the trial court's calculation of interest was moot because the bank settled the underlying action

---

[11] In opposing Foden's motion to dismiss the appeal, Raicevic cited decisions holding that a case does not become moot simply because a party has voluntarily ceased engaging in certain illegal conduct that it could resume at any time. (Citing *Marin County Bd. of Realtors, Inc. v. Palsson* (1976) 16 Cal.3d 920, 929; *United Farm Workers of America v. Dutra Farms* (2000) 83 Cal.App.4th 1146, 1164; *Kidd v. State of California* (1998) 62 Cal.App.4th 386, 398.) These cases are inapposite because Foden's cessation of alleged illegal conduct did not moot the instant appeal. Rather, Raicevic's failure timely to appeal the dismissal of the parallel civil action renders this appeal moot.

and paid plaintiff the agreed settlement before the trial court's "inadvertent[ ]" entry of judgment.  (See *id.* at pp. 357, 359–360.) *A.L.L. Roofing & Bldg. Materials Corp.* had no occasion to address whether the failure to file a timely appeal of an order dismissing one case could moot the appeal of an order entered in a related probate or other action, and thus is not instructive here.

In sum, we would not be able to offer Raicevic effective relief on her appeal of the June 25, 2019 order granting Foden's petition for instructions because she did not file a timely notice of appeal of the order of dismissal entered in the parallel civil action.  Consequently, we dismiss the instant appeal as moot.

## DISPOSITION

Raicevic's appeal of the probate court's June 25, 2019 order is dismissed as moot.  Respondents Lux and Foden are awarded their costs on appeal.

NOT TO BE PUBLISHED.

BENDIX, Acting P. J.

We concur:

CHANEY, J.                    FEDERMAN, J.*

---

\* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

16